# UNITED STATES BANKRUPTCY COURT
## District of Colorado

| | | |
|---|---|---|
| In re: | MATTHEW CURTIS WITT | Case No. 17-17630-MER |
| | Debtor. | |
| | | Chapter 7 |
| Address: | 2792 Greatwood Way<br>Highlands Ranch, CO 80126 | |
| SSN: | XXX-XX-4130 | |

### *EX PARTE* MOTION FOR 2004 ORDER FOR EXAMINATION BY Rekon, LLC PURSUANT TO FED. R BANKR. P. 2004 AND 9016, AND L.B.R. 2004-1 AND FED.R.CIV.P. 45

Rekon, LLC, ("Rekon"), by and through its undersigned counsel, submits the following *Ex Parte* Motion for 2004 Order Pursuant to Fed.R.Bankr.P. 2004, 9016, L.B.R. 2004-1 and Fed.R.Civ.P. 45 (the "Motion"). As grounds for the Motion, Rekon states as follows:

1. Matthew Curtis Witt (the "Debtor"), filed for protection under Chapter 7 of the Bankruptcy Code on August 17, 2017 (the "Petition Date").

2. Tom H. Connolly is the duly appointed Chapter 7 trustee (the "Trustee") of the Debtor's bankruptcy estate.

3. Rekon was listed as a secured creditor on Debtor's Schedule D in the amount of $1,972,540.49.

4. Rekon seeks authority to conduct an examination of Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. pursuant to Fed.R.Bankr.P. 2004. The proposed examination of Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. shall include inquiry into the Debtor's and other examinees' financial transactions prior to the bankruptcy petition which may directly impact the administration of the estate and claims for fraudulent conveyance.

5. Fed.R.Bankr.P. 2004(a) provides that on motion of any party in interest, the court may order the examination of "any entity." The term "entity" includes persons such as Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf

Mortgage, Inc. 11 U.S.C. § 101(15). The motion may be heard *ex parte*. See Advisory Committee Note to Fed.R.Bankr.P. 2004.

6. The scope of Fed.R.Bankr.P. 2004(b) is very broad with respect to "discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Stecker*, 251 B.R. 878, 882 (Bankr. D. Colo. 2000) (citation omitted). It is well-established that the scope of an examination under Bankruptcy Rule 2004 is unfettered and broad. *In re Vantage Petroleum Co.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983). Indeed, the examination can "legitimately be in the nature of a fishing expedition". *In re M4 Enterprises, Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995). *See also, In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("Rule 2004 permits a party invoking, it to undertake a broad inquiry of the examiner, in the nature of a fishing expedition"); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n. 3 (Bankr. S.D.N.Y. 1981) (noting that predecessor to Rule 2004 examinations have been likened to "fishing expeditions").

7. In conjunction with the examination of the Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc., Rekon seeks to compel the production of certain records, pursuant to Fed.R.Bankr.P. 9016, which Creditor believes are in the deponent's possession, custody, or control. A summary of the proposed documents to be produced is attached hereto as **Exhibit A**.

8. Rekon believes that it is necessary to obtain documentation regarding the financial transactions of Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc., from January 1, 2006 through the date of the bankruptcy petition. Rekon requests that the Court require Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. to produce certain documents listed in Exhibit A and allow the issuance of a subpoena *duces tecum* on Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. to verify the accuracy of the produced documents as well as other relevant matters.

9. Rekon has been in litigation with the Debtor since 2014 attempting to collect a judgment entered by this Court in *James T. Markus, Chapter 11 Trustee v. Matthew Witt*, 11-1251-MER, United States Bankruptcy Court for the District of Colorado. Rekon has obtained several orders from the Colorado District Court compelling production of these documents, but the deponents have refused to comply with the Court Orders. **Exhibit B**.

10. Fed.R.Bankr.P. 2004(d) provides that the Court may, for cause shown and on terms as it may impose, order the Debtor and any entity having information concerning the Debtor to be examined at any time or place it designates, whether within or without the district wherein the case is pending. The scope of the examination under Rule 2004 may relate to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the estate or the debtor's right to a discharge.

11. Due to the extent of the documents requested, Rekon requests that Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. be required to produce the documents at the undersigned's office located at 1600

Stout Street, Suite 1100, Denver, CO 80202 within 14-days of issuance of an Order by this Court granting this Motion for Bankr.R. 2004 examination.

12. Rekon requests that the Court compel the Rule 2004 examination of Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. sought herein within four weeks of the Order by this Court granting this Motion for Bankr.R. 2004 examination.

WHEREFORE, Rekon, LLC, respectfully requests that the Court enter an order in substantially the same form as that attached hereto thereby authorizing Rekon, LLC and/or its counsel to compel production of the documents described herein and compelling Debtor Matthew C. Witt, Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leaf Mortgage, Inc. attendance at an examination to occur within four weeks of the Order granting this Motion, and for such other and further relief as to this Court may seem just and proper.

DATED this 19th day of September, 2017.

Respectfully submitted,

*/s/ Mark A. Larson*
Patrick D. Vellone, #15284
Mark A. Larson, #30659
1600 Stout Street, Ste. 1100
Denver, Colorado 80202
303-534-4499
PVellone@allen-vellone.com
MLarson@allen-vellone.com

ATTORNEYS FOR REKON, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of September, 2017, I caused the foregoing **MOTION FOR 2004 ORDER BY REKON, LLC PURSUANT TO FED. R BANKR. P. 2004 AND 9016, AND L.B.R. 2004-1 AND FED.R.CIV.P. 45,** to be serviced via United States Mail, postage prepaid, to the following:

Tom H. Connolly
950 Spruce St., Suite 1C
Louisville, CO 80027

Susan J. Hendrick
9745 E. Hampden Avenue, Suite 400
Denver, CO 80231

Phillip Jones
744 Horizon Court, Suite 115
Grand Junction, CO 81506

Charles S. Parnell
4891 Independence St., Suite 240
Wheat Ridge, CO 80033

                                              */s/ Marcie J. Morton*