# EXHIBIT A

## INSTRUCTIONS

1. These document requests call for all documents in your possession, custody, or control, including documents which you have a right to secure from any source, including obtaining copies from any BANK. These sources include, but are not limited to, BANKS, subsidiaries, affiliates, agents, employees, attorneys, accountants, consultants, and advisors, and your agents, employees, attorneys, accountants, consultants, and advisors.

2. If any responsive document was, but no longer is, in your possession or custody or subject to your control, and cannot be obtained from any source, please state what disposition was made of the document and the date or dates on which such disposition was made.

3. The use of the singular includes plural, and vice versa.

4. If you claim that any requested document (or portion thereof) is protected from disclosure by a privilege or other protection, please specify for each such document:

   a. The date or approximate date of preparation;

   b. The author(s);

   c. Address(es);

   d. The recipient(s);

   e. The number of pages;

   f. The name and business address of the custodian;

   g. The subject matter of the document; and

   h. The basis for the claim of privilege or other protection.

5. If any document responsive to any request was at one time in existence, but has been lost, discarded, or is otherwise presently unavailable, identify such document as completely as possible, providing as much of the following information as possible:

   a. type of the document;

   b. its date;

   c. the date or approximate date it was lost, discarded, destroyed, or became otherwise unavailable;

   d. the reason or reasons for disposing of the document (if discarded or destroyed);

  e. the circumstances and manner in which it was lost, discarded or destroyed;

  f. the identity of all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the documents;

  g. the identity of all person(s) who lost, discarded, or destroyed the document;

  h. the identify of all person(s) having knowledge of the contents thereof; and

  i. the request to which such document is responsive.

6. If any answer responsive to these discovery requests is withheld under any claim of privilege or confidentiality, Debtor shall provide a provide a privilege log for each such Document, information, communication or thing which identifies the subject matter for which a privilege or confidentiality is claimed, including at least the following information:

  a. nature and date of the subject matter;

  b. author;

  c. the person or persons to whom the subject matter was conveyed, either orally or in writing, together with their job title or position;

  d. the basis upon which the privilege is claimed; and

  e. the request to which each claim of privilege responds.

7. If the response to any request consists, in whole or in part, of any objection(s) to the following discovery requests it must be stated and the reason(s) for the objection(s) set forth.

8. If the response to any request consists, in whole or in part, of any objection relating to burdensomeness, then with respect to such response:

  a. provide such information as can be ascertained without undue burden;

  b. state with particularity the basis for such objection, including:

  1 a description of the process or method required to obtain any fact responsive to the interrogatory, and

  2 the estimated cost and time required to obtain any fact responsive to the interrogatory.

  c. describe the nature and extent of the documents or other source(s), if any, from which any fact responsive to the request can be obtained; and

  d. state whether the documents or other sources will be made available for inspection and copying.

9. If any document responsive to any request was at one time in existence, but has been lost, discarded, or is otherwise presently unavailable, identify such document as completely as possible, providing as much of the following information as possible:

    a. type of the document;

    b. its date;

    c. the date or approximate date it was lost, discarded, destroyed, or became otherwise unavailable;

    d. the reason or reasons for disposing of the document (if discarded or destroyed);

    e. the circumstances and manner in which it was lost, discarded or destroyed;

    f. the identity of all person(s) authorizing or having knowledge of the circumstances surrounding the disposal of the documents;

    g. the identity of all person(s) who lost, discarded, or destroyed the document;

    h. the identify of all person(s) having knowledge of the contents thereof; and

    i. the request to which such document is responsive.

## DEFINITIONS

10. The term "Debtor," "you" and "your" in Exhibit A-1 shall mean Matthew C. Witt the answering party and any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of Debtor or anyone under its control, discretion, or instruction.

11. The term "you" and "your" in Exhibit A-2 shall mean Nicolle S. Witt the answering party and any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of Nicolle S. Witt or anyone under its control, discretion, or instruction.

12. The term "you" and "your" in Exhibit A-3 shall mean Pinnacle Mastery, Ltd., the answering party and any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of Pinnacle Mastery, Ltd.or anyone under its control, discretion, or instruction.

13. The term "you" and "your" in Exhibit A-4 shall mean Mile High Diesel, Inc., the answering party and any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of Mile High Diesel, Inc.or anyone under its control, discretion, or instruction.

14. The term "you" and "your" in Exhibit A-5 shall mean Silver Leaf Mortgage, Inc., the answering party and any person acting or purporting to act or, at the time of the stated subject matter, was acting or purporting to act for or on behalf of Silver Leaf Mortgage, Inc. or anyone under its control, discretion, or instruction.

15. The Phrase "Petition Date" shall refer to August 17, 2017, the date on which Matthew Curtis Witt (the "Debtor"), filed for protection under Chapter 7 of the Bankruptcy Code, case number 17-17630-MER.

16. The word "identity" or "identify" when used with respect to a document: (1) the type of document or tangible thing (e.g., letter, memorandum, computer disk, or other document or tangible thing); (2) the date that it was created; (3) its author and signatories; (4) its addressees and all other persons receiving copies; and (5) the nature and substance of the document with sufficient particularity to enable it to be identified; and (6) its location and its custodian (or, if it is no longer within your possession, custody, or control, state what disposition was made of it; state the date of such disposition, identify every person who participated in or approved such disposition; and identify the person or persons having knowledge of its contents). In lieu of identifying documents in the foregoing manner, YOU may identify them by document number and produce such documents for inspection pursuant to C.R.C.P. 33(d).

17. "Document," in either the singular or plural form, shall be construed in its broadest sense and shall be synonymous in meaning and equal in scope to the usage of this term in C.R.C.P. 34(a)(1). Document shall include, but is not limited to, the original or a copy (as well as any drafts) of any written, printed, typed, recorded or graphic matter, photographic matter, computerized records or programs, or sound, tape, videotape, wire or electronic recording within your possession, custody or control. This includes, without limitation, accounts, affidavits, agreements, books, calendars, charts, correspondence, diaries, drafts, drawings, emails, expense reports, faxes, graphs, invoices, letters, memoranda, minutes, motion pictures, newspaper articles, notebooks, notes, papers, photographs, publications, purchase orders, receipts, records, reports, schedules, sketches, slides, speeches, statements, telephone messages, text messages, or other similar objects, and shall also include any kind of transcript, transcription, or recording of any conversation, oral statement, or presentation of any kind, as well as other tangible things on which words, figures, pictures, notations, or sound are recorded by any means, any such material underlying, supporting, or used in the preparation thereof, and any other Documents within Plaintiff's possession, custody, or control and electronically stored matter of every kind and description.

18. "Relating to," "referencing," "referring to," and "relate" shall mean to consist of, pertain to, reflect on, arise out of, or be in any manner legally, factually, or logically, directly or indirectly, expressly or impliedly, connected with the matter requested.

19. "Person" means the plural as well as the singular and includes a natural person, firm, association, organization, partnership, business, trust, corporation, public entity, or any other form of legal entity.

20. The term "entity" includes any limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation.

21. The word "identity" or "identify," when used with respect to a fact, means (1) describe the fact; (2) state when it became known to YOU; (3) identify the source from which YOU learned it; (4) identify the documents, record, show, or refer to the fact; and (5) state why you believe the fact is true.

22. The term "entity" includes any limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation.

23. "Produce" means, as set forth in C.R.C.P. 34(a)(1), to produce or permit the party making the request, or someone acting on the respondent's behalf, to inspect and copy any Document, or to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of C.R.C.P. 26(b).

**Exhibit A-1**

**REQUESTS FOR PRODUCTION OF DOCUMENTS FROM**

**DEBTOR MATTHEW C. WITT**

1. Produce a full and complete copy of any bank statements for any account held by you, whether held individually or jointly with any other person or entity since January 1, 2006 through the Petition date.

2. Produce a full and complete copy of all documents reflecting or related any real or personal property purchased from January 1, 2006 through the Petition date, with a purchase price in excess of $1,000.00, including but not limited to (a) marketable securities, (b) bonds, (c) mutual funds, (d) precious metals, (e) fractional interests in real estate or mineral rights, (f) commodities, livestock, or futures in commodities or livestock, and/or (g) jewelry, gems, and/or gold.

3. Produce a full and complete copy of any statements or any documents reflecting or related to any insurance policies, annuities, and/or leases for real or personal property from January 1, 2006 through the Petition date.

4. Produce a full and complete copy of any statements for any account for which you are an owner or a beneficiary in any way from January 1, 2006 through the Petition date, including but not limited to: (a) savings accounts, (b) certificates of deposit, (c) Individual Retirement Accounts, (d) 401(k) accounts, (e) Simplified Employee Pension Plan, (f) Roth accounts, (g) pension accounts, (h) annuities, and/or (h) profit sharing accounts.

5. Produce a full and complete copy of any credit card statements or accounts from January 1, 2006 through the Petition date.

6. Produce a full and complete copy of any document related to any investment in any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from January 1, 2006 through the Petition date.

7. Produce a full and complete copy of any K-1 you received from any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from January 1, 2006 through the Petition date.

8. Produce a full and complete copy, front and back, of any check written from any account you own or which you have any rights, which was made payable to your wife Nicolle S. Matthew C. Witt from January 1, 2006 through the Petition date.

9. Produce a copy of any loans for which you are the lender to any person or entity from January 1, 2006 through the Petition date.

10. Produce a copy of any loans for which you are the borrower from any person or

entity from January 1, 2006 through the Petition date.

11. Produce a copy of your tax returns for each tax year including tax year 2006 through the Petition date.

12. Produce any documentation of any kind reflecting any gifts given and/or received in excess of $1,000.00 to or from any person or entity from January 1, 2006 through the Petition date.

**Exhibit A-2**

**REQUESTS FOR PRODUCTION OF DOCUMENTS FROM NICOLLE WITT**

1. Produce a full and complete copy of any bank statements for any account held by you, whether held individually or jointly with any other person or entity since January 1, 2006 through the Petition date.

2. Produce a full and complete copy of all documents reflecting or related any real or personal property purchased from January 1, 2006 through the Petition date, with a purchase price in excess of $1,000.00, including but not limited to (a) marketable securities, (b) bonds, (c) mutual funds, (d) precious metals, (e) fractional interests in real estate or mineral rights, (f) commodities, livestock, or futures in commodities or livestock, and/or (g) jewelry, gems, and/or gold.

3. Produce a full and complete copy of any statements or any documents reflecting or related to any insurance policies, annuities, and/or leases for real or personal property from January 1, 2006 through the Petition date.

4. Produce a full and complete copy of any statements for any account for which you are an owner or a beneficiary in any way from January 1, 2006 through the Petition date, including but not limited to: (a) savings accounts, (b) certificates of deposit, (c) Individual Retirement Accounts, (d) 401(k) accounts, (e) Simplified Employee Pension Plan, (f) Roth accounts, (g) pension accounts, (h) annuities, and/or (h) profit sharing accounts.

5. Produce a full and complete copy of any credit card statements or accounts from January 1, 2006 through the Petition date.

6. Produce a full and complete copy of any document related to any investment in any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from January 1, 2006 through the Petition date.

7. Produce a full and complete copy of any K-1 you received from any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from January 1, 2006 through the Petition date.

8. Produce a full and complete copy, front and back, of any check written from any account you own or which you have any rights, which was made payable to your husband Matthew C. Witt from January 1, 2006 through the Petition date.

9. Produce a copy of any loans for which you are the lender to any person or entity from January 1, 2006 through the Petition date.

10. Produce a copy of any loans for which you are the borrower from any person or entity from January 1, 2006 through the Petition date.

11. Produce a copy of your tax returns for each tax year including tax year 2006 through the Petition date.

12. Produce any documentation of any kind reflecting any gifts given and/or received in excess of $1,000.00 to or from any person or entity from January 1, 2006 through the Petition date.

**Exhibit A-3**

**REQUESTS FOR PRODUCTION OF DOCUMENTS FROM**

**PINNACLE MASTERY, LTD.**

1. Produce a full and complete copy of any bank statements for Pinnacle Mastery, Ltd., whether individually or jointly with any other person or entity from the date the entity was formed through the Petition date.

2. Produce copies of any and all meeting minutes of Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

3. Produce full and complete copies of any loans issued from Pinnacle Mastery, Ltd. to any person or entity from the date the entity was formed through the Petition date.

4. Produce full and complete copies of all distributions issued from Pinnacle Mastery, Ltd to any person or entity from the date the entity was formed through the Petition date. Distributions shall include, but is not limited to, dividends, compensation, advances, and/or bonuses.

5. Produce the tax returns or any informational returns generated or filed for Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

6. Produce any and all bank account ledger(s) for Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

7. Produce copies of any and all checks issued by Pinnacle Mastery, Ltd. from the date the entity was formed through the date you respond to the Petition date

8. Produce a full and complete copy of all documents reflecting or related any real or personal property purchased by Pinnacle Mastery, Ltd., Inc. from the date the entity was formed through the Petition date, with a purchase price in excess of $1,000.00, including but not limited to (a) marketable securities, (b) bonds, (c) mutual funds, (d) precious metals, (e) fractional interests in real estate or mineral rights, (f) commodities, livestock, or futures in commodities or livestock, and/or (g) jewelry, gems, and/or gold

9. Produce a full and complete copy of any statements or any documents reflecting or related to any insurance policies, annuities, and/or leases for real or personal property of Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

10. Produce a full and complete copy of any statements for any account for which Pinnacle Mastery, Ltd. is an owner or a beneficiary in any way from the date the entity was formed through the Petition date, including but not limited to: (a) savings accounts, (b) certificates of deposit, (c) Individual Retirement Accounts, (d) 401(k) accounts, (e) Simplified Employee Pension Plan, (f) Roth accounts, (g) pension accounts, (h) annuities, and/or (h) profit sharing accounts.

11. Produce a full and complete copy of any credit card statements or accounts of Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

12. Produce a full and complete copy of any document related to any investment of Pinnacle Mastery, Ltd. in any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from the date the entity was formed through the Petition date.

13. Produce a full and complete copy of any K-1 issued by Pinnacle Mastery, Ltd. from the date the entity was formed through the Petition date.

**Exhibit A-4**

**REQUESTS FOR PRODUCTION OF DOCUMENTS FROM MILE HIGH DIESEL, INC.**

1. Produce a full and complete copy of any bank statements for Mile High Diesel, Inc., whether individually or jointly with any other person or entity from the date the entity was formed through the Petition date.

2. Produce copies of any and all meeting minutes of Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

3. Produce full and complete copies of any loans issued from Mile High Diesel, Inc. to any person or entity from the date the entity was formed through the Petition date.

4. Produce full and complete copies of all distributions issued from Mile High Diesel, Inc. to any person or entity from the date the entity was formed through the Petition date. Distributions shall include, but is not limited to, dividends, compensation, advances, and/or bonuses.

5. Produce the tax returns or any informational returns generated or filed for Mile High Diesel, Inc. from the first year the entity was formed through the Petition date.

6. Produce any and all bank account ledger(s) for any and all bank accounts of for Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

7. Produce copies of any and all checks, front and back, issued by for Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

8. Produce a full and complete copy of all documents reflecting or related any real or personal property purchased by Mile High Diesel, Inc. from the date the entity was formed through the Petition date, with a purchase price in excess of $1,000.00, including but not limited to (a) marketable securities, (b) bonds, (c) mutual funds, (d) precious metals, (e) fractional interests in real estate or mineral rights, (f) commodities, livestock, or futures in commodities or livestock, and/or (g) jewelry, gems, and/or gold

9. Produce a full and complete copy of any statements or any documents reflecting or related to any insurance policies, annuities, and/or leases for real or personal property of Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

10. Produce a full and complete copy of any statements for any account for which Mile High Diesel, Inc. is an owner or a beneficiary in any way from the date the entity was formed through the Petition date, including but not limited to: (a) savings accounts, (b) certificates of deposit, (c) Individual Retirement Accounts, (d) 401(k) accounts, (e) Simplified Employee Pension Plan, (f) Roth accounts, (g) pension accounts, (h) annuities, and/or (h) profit sharing accounts.

11. Produce a full and complete copy of any credit card statements or accounts of

Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

      12.    Produce a full and complete copy of any document related to any investment of Mile High Diesel, Inc. in any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from the date the entity was formed through the Petition date.

      13.    Produce a full and complete copy of any K-1 issued by Mile High Diesel, Inc. from the date the entity was formed through the Petition date.

**Exhibit A-5**

**REQUESTS FOR PRODUCTION OF DOCUMENTS FROM**

**SILVER LEAF MORTGAGE, INC.**

1. Produce a full and complete copy of any bank statements for Silver Leaf Mortgage, Inc., whether individually or jointly with any other person or entity from the date the entity was formed through the Petition date.

2. Produce copies of any and all meeting minutes of Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.

3. Produce full and complete copies of any loans issued from Silver Leaf Mortgage, Inc. to any person or entity from the date the entity was formed through the Petition date.

4. Produce full and complete copies of all distributions issued from Silver Leaf Mortgage, Inc. to any person or entity from the date the entity was formed through the Petition date. Distributions shall include, but is not limited to, dividends, compensation, advances, and/or bonuses.

5. Produce the tax returns or any informational returns generated or filed for Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.

6. Produce any and all bank account ledger(s) for Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.

7. Produce copies of any and all checks issued by Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date

8. Produce a full and complete copy of all documents reflecting or related any real or personal property purchased by Silver Leaf Mortgage, Inc., Inc. from the date the entity was formed through the Petition date, with a purchase price in excess of $1,000.00, including but not limited to (a) marketable securities, (b) bonds, (c) mutual funds, (d) precious metals, (e) fractional interests in real estate or mineral rights, (f) commodities, livestock, or futures in commodities or livestock, and/or (g) jewelry, gems, and/or gold

9. Produce a full and complete copy of any statements or any documents reflecting or related to any insurance policies, annuities, and/or leases for real or personal property of Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.

10. Produce a full and complete copy of any statements for any account for which Silver Leaf Mortgage, Inc. is an owner or a beneficiary in any way from the date the entity was formed through the Petition date, including but not limited to: (a) savings accounts, (b) certificates of deposit, (c) Individual Retirement Accounts, (d) 401(k) accounts, (e) Simplified Employee Pension Plan, (f) Roth accounts, (g) pension accounts, (h) annuities, and/or (h) profit sharing accounts.

11. Produce a full and complete copy of any credit card statements or accounts of Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.

12. Produce a full and complete copy of any document related to any investment of Silver Leaf Mortgage, Inc. in any entity, including but not limited to limited liability company, partnership, limited partnership, corporation, sole proprietorship, cooperative, and/or S Corporation from the date the entity was formed through the Petition date.

13. Produce a full and complete copy of any K-1 issued by Silver Leaf Mortgage, Inc. from the date the entity was formed through the Petition date.