UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) Bankruptcy Court Case No. 17-17630-MER |
| **Witt, Matthew Curtis** | ) Chapter 7 |
| SSN: xxx-xx-4130, | ) |
|         Debtor. | ) |
| | ) |
| **Witt, Matthew Curtis** | ) |
|         Movant, | ) |
| v. | ) |
| | ) |
| **Kahn, David** | ) |
|         Respondent. | ) |

**MOTION TO PARTIALLY AVOID LIEN**

      COMES NOW, Matthew Curtis Witt, Debtor, by and through his attorney, Parnell & Associates, P.C., and submits this Motion to Avoid Lien, and in support thereof sets forth the following:

      1.      Debtor filed a voluntary petition for relief under Chapter 7, of Title 11 of the United States Code in the above-captioned action on June 7, 2011.

      2.      This court has jurisdiction over this matter pursuant to 11 U.S.C. 522(f) and 28 U.S.C. 157 and this is a core proceeding.

      3.      Pursuant to *In re Pepper*, 210 B.R. 480 (Bankr.Colo. 1997) and *In re Newell*, 311 B.R. 268 (Bankr.Colo. 2004), the values, liens and lien balances in this motion are as of the petition date.

      4.      Pursuant to 11 U.S.C. section 522(f)(1):

      Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
        (A) a judicial lien, other than a judicial lien that secures a debt--
            (i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and
            (ii) to the extent that such debt--

          (I) is not assigned to another entity, voluntarily, by operation of law or otherwise; and
          (II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

5. David Kahn ("Creditor") was granted a judgment ("Judgment") against Matthew Curtis Witt ("Debtor") in Case Number 09CV-002107 on January 30, 2014 in Douglas County Court, State of Colorado in the amount of $207,452. Creditor recorded a Transcript of Judgment with the Clerk and Recorder of Douglas County, State of Colorado on February 2, 2015, Reception No. 2015006261, thus creating a judgment lien against Debtors' property. A copy of the Judgment Lien is attached as Exhibit A. A duplicate recording was filed on May 22, 2017 at Reception No. 2017033918, which is attached as Exhibit B.

6. Debtor owns exempt real property (a personal residence) located at 2792 Greatwood Way, Highlands Ranch, Colorado 80126 ("Residence"). The property is jointly owned with his non-filing spouse.

7. Debtor believes the value of the Residence is $650,000. Debtor is entitled to the $75,000 homestead exemption provided by Colorado Revised Statutes §38-54-102(1)(a).

8. The following lien is senior to the Judgment Lien of Creditor and will not be avoided:

    (a) SouthStar Funding LLC Deed of Trust, subsequently transferred to Chase, recorded with the Douglas County Clerk & Recorder on September 19, 2003 at Reception Number 2003140174. The approximate balance of the mortgage on the day of filing was $396,835.

9. 11 U.S.C. 522(f)(2) states:

(A) for the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--
    (i) the lien,
    (ii) all other liens on the property; and
    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
exceeds the value that the debtors' interest in the property would have in the absence of any liens.
(B) In the case of property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

10. The sum of the senior lien (half the amount of the deed of trust) and the homestead exemption was $273,417.50 at the time of filing. The value of the Residence (the

value of Debtor's half interest), $325,000, exceeded the value of the senior lien and the homestead exemption by $51,582.50 at the time of filing.  The Judgment is for a larger amount, $207,452.  Therefore, the lien should be avoided to the extent it exceeds $51,582.50.

11. Paragraph (2) of section 522(f) is not applicable to the situation presented in this Motion.  The Judgment Lien did not arise out of a debt to a spouse, former spouse, or child of the Debtor for alimony to, maintenance for, or support of such spouse or child.

WHEREFORE, Debtors request that the Court grant Debtors' Motion to Partially Avoid Lien and enter an order avoiding the fixing of David Kahn's Judgment Lien pursuant to 11 U.S.C. 522(f) to the extent the lien exceeds $51,582.50.

Dated: December 8, 2017            By: */s/ Charles S. Parnell*
                                   Charles S. Parnell, No. 18943
                                   Counsel to Debtor
                                   4891 Independence Street, Suite 240
                                   Wheat Ridge, Colorado  80033
                                   Telephone:    303-234-0574
                                   Facsimile:    303-234-1415
                                   E-mail:       charles@cparnell.com