FILED
KENNETH S. GARDNER
2018 JAN -4 AM 10: 57
U.S. BANKRUPTCY COURT
DISTRICT OF COLORADO

# UNITED STATES BANKRUPTCY COURT
**District of Colorado**

| | | |
|---|---|---|
| In re: | MATTHEW CURTIS WITT,<br>MATTHEW C. WITT,<br>MATT WITT<br><br>Debtor. | Case No.<br><br>17-17630-MER |
| Address: | 2792 Greatwood Way<br>Highlands Ranch, CO 80126 | Chapter<br>7 |
| SSN: | XXX-XX-4130 | |

---

**DAVID KAHN'S OBJECTION TO MATTHEW CURTIS WITT'S MOTION TO PARTIALLY AVOID LIEN, DOCKET # 45, 17-17630-MER PURSUANT TO 11 U.S. CODE § 523 – EXCEPTIONS TO DISCHARGE, AND REQUEST FOR HEARING**

---

Comes now David Kahn ("Kahn") and Objects to Matthew Curtis Witt's ("Witt") Motion to Partially Avoid Lien and Requests Hearing, and as such states:

**CERTIFICATION OF CONFERRAL**

Pursuant to C.R.C.P. 121 §1-15(8), the undersigned conferred with four of eleven, representatives or parties to 2017-cv-31212 and 17-17630-MER on or about December 20, 2017 at 1: PM MST. The Parties and/or representatives were identified by Joseph M. Elio #14066, via Judge Jeffrey Ralph Pilkington's Order of 10/30/17 in the matter of 2017-cv-31212. Because neither Charles Parnell for Witt, or Tom Connolly Trustee for 17-17630-MER participated in the

conferral, no conclusion could be made as to objection or support of Kahn's Objection or other matters discussed. Noel West Lane III, expressed support for Kahn's Objection to Witt's Motion to Partially Avoid Lien and Request for Hearing.

**GOOD CAUSE EXISTS FOR KAHN'S OBJECTION AND REQUEST FOR HEARING**

Kahn respectfully requests that the Court having granted DAVID KAHN'S MOTION FOR EXTENSION OF TIME TO REPLY TO MATTHEW CURTIS WITT'S MOTION TO PARTIALLY AVOID LIEN, DOCKET # 45, 17-17630- MER, grant its Objection to Witt's Motion to Partially Avoid Lien (Doc#45) and Request for Hearing for the following reasons:

1. Kahn is Party-in-Interest and has standing to object to Witt's Debtor Motion to Partially Avoid Lien. *MEMORANDUM In re: Delwin Lee Huggins No. 09-14658 Chapter 7, 11-10-2011 United States Bankruptcy Court District of Tennessee.*

2. Kahn submits that the Court's Order granting Kahn until January 5, 2018, to obtain counsel (with specific expertise in the matters arising from Witt's alleged fraud upon the Court) and to file responsive pleading(s) to Witt's Motion to Partially Avoid Lien, was not sufficient time to interview and select counsel, and as such Kahn replies to Witt's Motion to Partially Avoid Lien, in his capacity as In Pro se.

3. Kahn maintains that Witt's Debtor Motion to Partially Avoid Lien falls under the rubric of *Additional Non-Dischargeable Debts pursuant to 11 U.S. Code § 523 – Exceptions to Discharge* and is not dischargeable due to **Debtor's Fraud** (*See* Exhibit 1- Affidavit in Support of David Kahn's Assertion that Matthew Curtis Witt ("Witt") Allegedly Conspired to Commit Fraud, and Committed Fraud on the Creditors, and The United States Bankruptcy Court District of Colorado, in Case Numbers 17-11705-MER and 17-17630-MER)

    a) Upon information and belief, Witt advised Kahn by electronic communication via email

from Witt's personal email account, mattw@silverleafmortgages.com, on March 6, 2017, at 12:09 PM MST, fully 6 hours and 30 minutes before Witt filed personal bankruptcy on March 6, 2017, Case Number 17-11705-MER, at 5:39 PM MST (DOC# 1), that Witt would file personal bankruptcy on March 6, 2017, but that he would settle the Kahn Judgement in full, outside of Witt's bankruptcy.

b) Upon information and belief, Witt's assertions to Kahn that Witt would settle the Kahn Judgment in full, were a continuation of Witt's repeated attests to Kahn to settle the Kahn Judgment in part or in full, commencing on or about 01/28/2014 when summary judgement was awarded to Kahn against Witt, in the amount of $207,452.00 plus interest fees and cost of collection, in the court of Douglas County, state of Colorado, on date of 01/29/2014, case numbers: 2009CV2107 and 09CV2107.

c) Upon information and belief, Kahn asserts that Witt filed his Motion to Partially Avoid Lien (17-17630-MER, Doc#:45) allegedly in furtherance of a fraud upon Kahn and the Court(s) which fraud, Witt commenced at least, on or before March 6, 2017, when Witt filed personal bankruptcy in Case Number: 17-11705-MER.

d) Upon information and belief, Kahn asserts that Witt continues the alleged fraud upon the Court(s) in 17-17630-MER, through a preconceived scheme Witt has replicated in at least three personal bankruptcy filings commencing at least in 2014, and continuing through this date, whereby Witt threatens to file, and then files alleged frivolous civil complaints against any or all parties involved, and/or not involved, in the legal process of collecting Court awarded judgments against Witt, followed by Witt's filing of personal bankruptcy(s).

e) Upon information and belief, Witt admitted this **preconceived scheme** as his debt

collection strategy, in testimony before Trustee Tom H. Connolly, on September 25, 2017, Amended Meeting of Creditors. Set per directive from US Trustee's Office. 341(a) meeting to be held on 9/25/17 at 11:00 AM at 341 Byron Rogers Room (Doc#17), to frustrate judgment collections against Witt.

f) Upon information and belief, Witt advised Kahn on more than one occasion, that part or all of Kahn's $207,452.00 (two hundred seven thousand four hundred fifty two dollars and 0/100's) Court awarded judgment, plus interest, against Witt, would not be placed at risk when Witt threatened creditors with threats to file bankruptcy, and/or filed personal bankruptcy(s) to frustrate creditor judgment collection efforts., and that Witt would settle the Kahn Judgement against Witt, outside of any Witt personal bankruptcy, in full.

4. If court is inclined to grant Witt motion to avoid a portion of the lien, Witt arithmetic is incorrect. Witt values the home at $650,000 with a first mortgage is $396,835. $650,000 less $396,835 = $253,165. From that, subtract homestead of $75,000 leaves $178,165 of equity. 50% of it is Matt Witt equity of $89,082.50. Kahn lien would survive in this amount plus interest.

**Factual History of Kahn Judgment**

1. Kahn was an investor in Witt's Commercial Capital Inc. ("CCI") company.

2. On or about 11/11/2005, Kahn invested, $100,000.00 in Commercial Capital, Inc.

3. On or about 11/11/2005, Kahn and Witt executed a Personal guarantee for all investment principal and interest.

4. On or about 06/22/2006, the $100,000.00 note was converted into a $115,347.15 note in Commercial Capital, Inc. issued as a Subscription Agreement

5. On or about 07/26/2007, the $115,347.15 note was reissued as a "modification" or "extension" to the Subscription Agreement

6. On or about 04/19/2009, CCI defaulted on the Subscription Agreement modified on or about 07/26/2007 at which time, Kahn Personal Guarantee went into effect.

7. On or about 01/28/2014, Kahn obtained judgment against Witt in the amount of: $207,452.00, plus applicable interest

8. Upon information and belief, on or before 01/28/2014 to 03/06/2017, Kahn received at least 2 separate emails, participated in at least 3 separate phone calls, and participated in at least 2 separate meetings regarding settlement offers, and/or threats of legal action, and/or bankruptcy, from Witt, should Kahn, not settle with Witt, causing Kahn mental and emotional trauma due to Witt's real and implied threats of legal action.

9. On or about 01/18/2017, Witt suggested his attorney would write an agreement that would allow Witt to survive his bankruptcy and pay $5,000 after his bankruptcy was settled. Witt further asked that this communication not be shared with any other party.

10. On or about 12/08/2017, Kahn filed Motion to Partially Avoid Lien in Douglas County, Colorado.

11. Upon information and belief, Witt advised Kahn by electronic communication via email from Witt's personal email account, mattw@silverleafmortgages.com, on March 6, 2017, at 12:09 PM MST, fully 6 hours and 30 minutes before Witt filed personal bankruptcy on March 6, 2017, Case Number 17-11705-MER, at 5:39 PM MST (DOC# 1), that Witt would file personal bankruptcy on March 6, 2017, but that he would settle for all or part of the Kahn Judgement, outside of Witt's

bankruptcy.

12. Upon information and belief, Witt has not made any payment or partial payment to Kahn and Kahn has not receipted from Witt, any full or partial settlement of the Kahn Judgment.

13. Upon information and belief, Kahn rejected Witt's reduced interim settlement offers and instead relied upon Witt's representations that he, Witt, would settle for all or part of the Kahn judgment in time, and Kahn largely relied upon Witt's real and implied representations that Witt's settlement of the Kahn Judgment would occur outside of other legal actions that Witt might take in Witt's efforts to frustrate debt collection of Court ordered judgments by others.

**WHEREFORE**, Kahn respectfully requests that the Court grant its Motion for Objection and Request for Hearing, or other such determination by the Bankruptcy Court.

Respectfully submitted on January 4, 2018.

David Kahn, In Pro Se
Care of:
9540 SW Gemini Dr. #53210
Beaverton, OR 97008
Phone: 303-900-3434
E-mail: wittCase@sendshere.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 4, 2018, I filed the foregoing in person with the Clerk of the Court and mailed a copy of the filing by USPS to all counsel of record:

| **Attorneys for** | **Attorneys and Address** |
|---|---|
| Debtor | Charles S. Parnell<br>4891 Independence Street, Suite 240<br>Wheat Ridge, Colorado 80033 |

Trustee

Tom H. Connolly
950 Spruce St.
Suite 1C
Louisville, CO 80027

David Kahn, In Pro Se
Care of:
9540 SW Gemini Dr. #53210
Beaverton, OR 97008
Phone: 303-900-3434
E-mail: wittCase@sendshere.com

**EXHIBITS**

Exhibit 1- Affidavit in Support of David Kahn's Assertion that Matthew Curtis Witt ("Witt") Allegedly Conspired to Commit Fraud, and Committed Fraud on the Creditors, and The United States Bankruptcy Court District of Colorado, in Case Numbers 17-11705-MER and 17-17630-MER

| COLORADO SUPREME COURT<br>STATE OF COLORADO<br>Ralph L. Carr Judicial Center<br>2 E. 14th Avenue<br>Denver, CO 80203 | ▲ COURT USE ONLY ▲ |
|---|---|
| DISTRICT COURT OF JEFFERSON COUNTY, STATE OF COLORADO<br>Honorable Jeffrey Ralph Pilkington<br>Case No. 2017-cv- 31212 | |
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO<br>Honorable Judge Michael E. Romero<br>Case No. 17-17630-MER | |
| David Kahn<br>In Pro Se<br>Care of:<br>9540 SW Gemini Dr. #53210<br>Beaverton, OR 97008<br>Phone: 303-900-3434<br>E-mail: wittCase@sendshere.com | SC17________<br><br>Case Numbers: 17-17630-MER, 17-11705-MER<br><br>Case No: 2017-cv-31212 |

**AFFIDAVIT IN SUPPORT OF DAVID KAHN'S ASSERTION THAT MATTHEW CURTIS WITT CONSPIRED TO COMMIT FRAUD AND ALLEGEDLY COMMITTED FRAUD ON THE CREDITORS, AND THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO, IN CASE NUMBERS 17-11705-MER AND 17-17630-MER**

**COMES NOW**, David Kahn ("Kahn"), and by Affidavit in Support of David Kahn's Assertion that Matthew Curtis Witt ("Witt") Allegedly Conspired to Commit Fraud, and Committed Fraud on the Creditors, and The United States Bankruptcy Court District of Colorado, in Case Numbers 17-11705-MER and 17-17630-MER, and as such Kahn hereby states as follows:

1. My name is David Kahn. I am over 21 years of age, and am in all ways competent to

make this Affidavit.

2. Kahn is making his appearance in the matters before The United States Bankruptcy Court District of Colorado, Case Number 17-17630-MER, and the District Court of Jefferson County, Colorado, Case Number 2017-cv-31212 in Pro se.

3. Upon information and belief, on or about 1/28/17 Kahn asserts that Witt allegedly offered to settle Kahn's $207,452.00 plus interest, by making a cash payment to Kahn prior to Witt filing personal bankruptcy, and that Witt's attorney would prepare an agreement that would survive Witt's bankruptcy, thus allowing Witt to make a full and final settlement payment of Kahn's Judgment after Witt's bankruptcy was discharged. See Exhibit A (Witt Letter 01-18-2017).

4. Upon information and belief, Witt's assertions to Kahn that Witt would settle the Kahn Judgment in full, were a continuation of Witt's repeated attests to Kahn to settle the Kahn Judgment in part or in full, commencing on or about 01/28/2014 when summary judgement was awarded to Kahn against Witt, in the amount of $207,452.00 plus interest fees and cost of collection, in the court of Douglas County, state of Colorado, on date of 01/29/2014, case numbers: 2009CV2107 and 09CV2107.

5. Upon information and belief, Kahn asserts that Witt filed his Motion to Partially Avoid Lien (17-17630-MER, Doc#:45) allegedly in furtherance of a fraud upon Kahn and the Court(s) which fraud, Witt commenced at-least, on or before March 6, 2017, when Witt filed personal bankruptcy in Case Number: 17-11705-MER.

6. Upon information and belief, Witt advised Kahn on more than one occasion, that part or all of Kahn's $207,452.00 (two hundred seven thousand four hundred fifty two dollars and 0/100's) Court

awarded judgment, plus interest, against Witt, would not be placed at risk when Witt threatened creditors with threats to file bankruptcy, and/or filed personal bankruptcy(s) to frustrate creditor judgment collection efforts., and that Witt would settle the Kahn Judgement against Witt, outside of any Witt personal bankruptcy, in full.

7. Upon information and belief, Kahn relied upon Witt's representations that Witt would settle Kahn's judgment against Witt, in part of in full. Therefore, Kahn did not pursue extensive and costly collection activity or legal remedies.

**Factual History of Kahn Judgment**

1. Kahn was an investor in Witt's Commercial Capital Inc. ("CCI") company.

2. On or about 11/11/2005, Kahn invested, $100,000.00 in Commercial Capital, Inc.

3. On or about 11/11/2005, Kahn and Witt executed a Personal guarantee for all investment principal and interest.

4. On or about 06/22/2006, the $100,000.00 note was converted into a $115,347.15 note in Commercial Capital, Inc. issued as a Subscription Agreement

5. On or about 07/26/2007, the $115,347.15 note was reissued as a "modification" or "extension" to the Subscription Agreement

6. On or about 04/19/2009, CCI defaulted on the Subscription Agreement modified on or about 07/26/2007 at which time, Kahn Personal Guarantee went into effect.

7. On or about 01/28/2014, Kahn obtained judgment against Witt in the amount of: $207,452.00, plus applicable interest. *See* Exhibit C (Summary Judgment)

8. Upon information and belief, on or before 01/28/2014 to 03/06/2017, Kahn received at least 2 separate emails, participated in at least 3 separate phone calls, and participated in at least 2 separate meetings regarding settlement offers, and/or threats of legal action, and/or bankruptcy, from Witt, should Kahn, not settle with Witt, causing Kahn mental and emotional trauma due to Witt's real and implied threats of legal action.

9. On or about 01/18/2017, Witt suggested his attorney would write an agreement that would allow Witt to survive his bankruptcy and pay $5,000 after his bankruptcy was settled. Witt further asked that this communication not be shared with any other party. *See* Exhibit A (Witt Letter 01-18-2017)

10. On or about 12/08/2017, Kahn filed Motion to Partially Avoid Lien in Douglas County, Colorado.

11. Upon information and belief, Witt advised Kahn by electronic communication via email from Witt's personal email account, mattw@silverleafmortgages.com, on March 6, 2017, at 12:09 PM MST, fully 6 hours and 30 minutes before Witt filed personal bankruptcy on March 6, 2017, Case Number 17-11705-MER, at 5:39 PM MST (DOC# 1), that Witt would file personal bankruptcy on March 6, 2017, but that he would settle for all or part of the Kahn Judgement, outside of Witt's bankruptcy. *See* Exhibit B (Witt Email 03-16-2017).

12. Upon information and belief, Witt has not made any payment or partial payment to Kahn and Kahn has not receipted from Witt, any full or partial settlement of the Kahn Judgment.

13. Upon information and belief, Kahn rejected Witt's reduced interim settlement offers and instead relied upon Witt's representations that he, Witt, would settle for all or part of the Kahn

judgment in time, and Kahn largely relied upon Witt's real and implied representations that Witt's settlement of the Kahn Judgment would occur outside of other legal actions that Witt might take in Witt's efforts to frustrate debt collection of Court ordered judgments by others.

Further affiant sayeth naught.

DAVID KAHN

STATE OF COLORADO )
) ss:
COUNTY OF Boulder )

I hereby certify that a true and correct copy of the foregoing was signed before me on this 26th day of December, 2017 by David Kahn, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the instrument herein and acknowledged to me that she/he executed the same in her/his authorized capacity and that her/his signature on the above instrument executed the instrument.

WITNESS my hand and official seal.

ERIN BRADBERRY
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20144019007
MY COMMISSION EXPIRES 05/07/2018

(SEAL)

Signature of Notary
My Commission Expires: May 7, 2018

Exhibit A - Witt Letter 01-18-2017

On Jan 18, 2017, at 8:25 AM, Matt Witt <mattw@silverleafmortgages.com> wrote:

David,

My current motivations are to get all of the litigation and legacy debts satisfied, so I can move on with my life as its been 8 years now.

A friend of mine can come up with $5000 now and I can pay $5000 more broken out over 12 months to buy the judgment you hold.

I will be filing bk shortly. I can have an attorney draft an agreement that indicates the 2nd payment of the $5000 survives in full.

I ask that you have no conversation with Lane and Snider or anyone else about this agreement before it is completed.

Thank you for helping me David.

Matt

<image001.jpg> <image002.png>

Matt Witt | Operations Manager

6972 S. Vine Street, Suite 366 | Centennial CO | 80122
Phone 720-458-4023 | EFax 303-362-7812
www.silverleafmortgages.com
mattw@silverleafmortgages.com



Exhibit B – Witt Email 03-16-2017

**Matt Witt**

RE: judgment

To: David Kahn

Archives/Finances/Commercial Capital/Matt Witt/Dec...

Siri found updated contact info in this email: Matt Witt (303) 362-7812 update...

Hi David,

I am filing bk today. Charles Parnell Attorney 303-234-0574.

What is your current address so we can send you a notice?

I hope you are staying current with the Lane and Snider RICO lawsuit. Lane has turned on Snider and filed counter claims against Snider, and has admitted they bought the $1.6M judgment against me for $16k from Markus only in an effort to come after me. In bk we are filing a contingent claim against Markus and Ryder for aiding Lane/ Snider in their conspiracy to hurt me and my family.

I'm sure you won't, but I am asking you not to have communications with Lane/ Snider in any way about buying your judgment. Their only intent has been and will be a lifelong revenge/ vendetta against me. I am sure you have no interest in talking to them, or taking any actions against me personally to hurt me or my family. BK protection will only help me so far by eliminating my debts, and will stop them only so far, but the RICO lawsuit will eventually stop them completely.

I have been hurt very bad my the emotional stress and damage of all of this by Lane/ Snider.

I wish we could have, or still could settle.

Let me know if you want to keep communications open here in an effort to settle.

Please send me your current address or PO box.

Matt

SILVER LEAF
MORTGAGE

Matt Witt | Operations Manager

6972 S. Vine Street, Suite 366 | Centennial CO | 80122
Phone 720-458-4023 | EFax 303-362-7812
www.silverleafmortgages.com
mattw@silverleafmortgages.com

See More from David L. Kahn

Exhibit C – Witt Judgment

DATE FILED: January 29, 2014 2:34 PM
CASE NUMBER: 2009CV2107

| DISTRICT COURT, COUNTY OF DOUGLAS, STATE OF COLORADO<br><br>4000 Justice Way, Suite 2009<br>Castle Rock, Colorado 80109 | COURT USE ONLY |
|---|---|
| **Plaintiff:**<br>DAVID KAHN<br>v.<br>**Defendants:**<br>MATTHEW WITT | Case No:<br>09CV2107<br><br>Division: 5 |

**ORDER – RE: PLAINTIFF DAVID KAHN'S MOTION FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court in Plaintiff's Supplement to Motion for Partial Summary Judgment filed November 25, 2013. Plaintiff David Kahn ("Plaintiff") filed the original Motion for Partial Summary Judgment February 11, 2010, and Defendant Matthew Witt ("Defendant") filed a Response on March 1, 2010. The case has been on hold pending the bankruptcy of Defendant. Defendant has not responded to the current motion. The Court has reviewed Motion, the Response, the file, and being otherwise fully advised in the premises, Finds and Orders as follows:

**STATEMENT OF THE CASE**

This case arises from a guaranty executed by Defendant to ensure Plaintiff's investment in Commercial Capital Inc. ("CCI"). Plaintiff originally invested $100,000 in CCI, with a personal guaranty from Defendant. In 2009, CCI became insolvent and filed for bankruptcy. As per the terms of the agreement, Plaintiff provided notice to Defendant that Plaintiff wished to withdraw his principal investment and its interest. As of this time, Plaintiff has not been paid.

After Plaintiff's motion for summary judgment and Defendant's response were filed, the Court stayed the proceedings in this case on March 30, 2010, pending the resolution of the underlying bankruptcy. Plaintiff states that Defendant received a check from the bankruptcy

trustee on November 1, 2013. Plaintiff asserts that the underlying bankruptcy is resolved, and that therefore the Court may now enter judgment on the Motion for Partial Summary Judgment.

The primary issue presented is whether or not Mr. Witt breached the guaranty contract with Mr. Kahn. Specifically, the issue is whether Mr. Kahn can recover his investment from Mr. Witt personally as guarantor without first attempting to recover that money from CCI. The parties agree that Defendant executed a personal guaranty for the benefit of Plaintiff and that Plaintiff's investment has not been repaid. Parties dispute whether or not Plaintiff is entitled to recover solely from Defendant, without first unsuccessfully attempting to recover from Commercial Capital, Inc. ("CCI").

**STANDARD OF REVIEW**

Summary judgment is appropriate only where the pleadings, discovery, and affidavits establish that there are no genuine issues of material fact, and judgment for the moving party is required as a matter of law. C.R.C.P. 56(c). Once the moving party has affirmatively shown specific facts, through affidavit or otherwise, that no genuine issues of disputed fact remain, the burden shifts to the opposing party to demonstrate by relevant and specific facts that there is a genuine issue for trial. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). Summary judgment is a drastic remedy and should be granted only if it has been clearly shown that no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *AviComm, Inc. v. Colo. Pub. Utils. Comm'n*, 955 P.2d 1023, 1029 (Colo. 1998). Additionally, "the nonmoving party is entitled to all favorable inferences that may be drawn from the facts, and all doubt should be resolved in favor of the nonmoving party." *Smith v. Board of Educ. Of School Dist. Fremont RE-1*, 83 P.3d 1157, 1161 (Colo.App. 2003).

**ANALYSIS**

In order to successfully assert a breach of contract claim, Plaintiff must show 1) the existence of a contract; 2) performance by the plaintiff or some justification for non-performance; 3) failure to perform the contract by the defendant; and 4) resulting damages. *City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 477 (Colo. Ct. App. 2003), citing *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053 (Colo.1992). Plaintiff attaches as exhibits the Personal Guaranty signed by Matthew Witt, the underlying promissory note, and several affidavits in support of his position. These documents are sufficient to show there is no genuine dispute as to any material fact.

**1. Existence of a contract**

Neither party disputes the existence or content of the Personal Guaranty signed by Defendant. *See Plaintiff's Exhibit 3*. The Guaranty states that Defendant would "personally guarantee all of your investment principal and interest on your investment into Commercial Capital Inc, should the maker Commercial Capital not repay your investment as required." *Plaintiff's Exhibit 3, Defendant's Exhibit A*. Thus, there is no dispute as to the existence of the guaranty.

**2. Performance by Plaintiff**

Plaintiff has presented evidence of his performance of the contract, and Defendant has not refuted this evidence. *See Defendant's Exhibit E, Affidavit of Matthew Witt, Plaintiff's Exhibit 1.* Accordingly, there is no material fact in dispute.

**3. Failure to Perform Contract by Defendant**

Parties dispute whether or not Defendant failed to perform under the contract. Plaintiff states that Defendant has refused to pay Plaintiff the money owed by CCI, and therefore has breached the terms of the guaranty. Defendant argues that he is not in breach of the guaranty, and alternatively, that all of his obligations under the guaranty contract were fulfilled and/or excused by his conduct.

**a. Defendant's Argument that he is not in Breach**

First, Defendant argues that it is still possible for CCI to pay Plaintiff, and that the guaranty envisioned repayment by Defendant if and only if there was no repayment from CCI. Defendant appears to argue that the guaranty contract is conditional upon some form of permanent refusal to pay from CCI, and as this has not occurred because of the insolvency, the condition of the guaranty has not occurred and thus Defendant is not in breach. This is incorrect as a matter of law.

Plaintiff and Defendant executed an unconditional guaranty in this case. An unconditional guaranty is one where the guarantor unconditionally promises payment or performance of the principal contract on default of the principal debtor, and the guarantor's liability is generally co-extensive with that of the principal, unless expressly agreed otherwise. *Continental Bank v. Dolan*, 564 P.2d 955 (Colo. Ct. App. 1977); *see also Farber v. Green Shoe Mfg. Co.*, 677 P.2d 376, 378 (Colo. Ct. App. 1983). The guaranty in this case is not conditioned on any event or occurrence other than non-payment by the principal—"if CCI does not repay your investment"—

which has occurred in this case. When the guaranty is unambiguous on its face, it will be construed as an absolute guaranty. *Yama v. Sigman*, 165 P.2d 191 (Colo. 1945).

Defendant argues that Plaintiff cannot collect from Defendant because Plaintiff could collect from CCI instead of from Defendant. When a guaranty is unconditional, a creditor is not required to collect from a principal before collecting from a guarantor. An unconditional guaranty allows a creditor to proceed directly against the guarantor. *See May v. Women's Bank, N.A.*, 807 P.2d 1145 (Colo. 1991); *see also Prather v. Roto Ignition Sales, Inc.,* 171 Colo. 149 (Colo. 1970). Therefore, under an unconditional guaranty, there is no requirement that a creditor proceed against the principal before proceeding against a guarantor, as long as the principal has defaulted. Plaintiff is not required to proceed against CCI before proceeding against Defendant, nor is Plaintiff required to exhaust all possibility of recovering from CCI before collecting from Defendant.

**b. Defendant's Argument that his Obligations were Fulfilled and/or Excused**

Defendant presents no arguments or evidence on this point in his motion. Therefore, the Court will not consider this argument.

**4. Damages**

Defendant's Response does not contest the amount of damages listed by Plaintiff in his original Motion for Summary Judgment. Similarly, Defendant has not filed any response to Plaintiff's current supplement, which requests a judgment in the amount of $207,452.00, plus applicable interest. As Defendant has presented no arguments or evidence on this point, there is no genuine issue of material fact.

**CONCLUSION**

The Court finds there is no genuine dispute as to any material facts in this case. Defendant has not presented any facts to contest the existence or content of the guaranty, the performance by Plaintiff or the damages. Although Defendant presents an argument as to breach of contract, the facts alleged by Defendant do not present a legally cognizable argument. Therefore, summary judgment is appropriate on this issue. The Court will enter a judgment in the amount of $207,452.00 in favor of the Plaintiff, David Kahn.

SO ORDERED this 28th day of January, 2014.

BY THE COURT:

Vincent R. White
District Court Judge