IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Matthew Curtis Witt | ) | Case No. 17-17630 MER |
|    SSN: XXX-XX-4130, | ) | Chapter 7 |
| | ) | |
|    Debtor. | ) | |

### TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT

Tom H. Connolly, the Chapter 7 trustee ("Trustee") of the bankruptcy estate of Matthew Curtis Witt ("Debtor") requests Bankruptcy Court approval of the Settlement Agreement between the Trustee and Nicolle S. Witt ("Nicolle"), Pinnacle Mastery, Ltd., Silver Leaf Mortgage, Inc. and Mile High Diesel, Inc. (collectively the "Affiliated Defendants"). In support hereof, Trustee states as follows.

1. The Debtor filed a voluntary petition under Chapter 7 in this District on August 17, 2017 (the "Petition Date"). Trustee is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. On February 24, 2016, Rekon, LLC filed a complaint seeking to recover fraudulent conveyances allegedly made by Debtor either directly to Nicolle or to Nicolle through Pinnacle Mastery, Ltd., Silver Leaf Mortgage, Inc. and/or Mile High Diesel, Inc., - Case No. 16 CV 30456, Arapahoe County District Court, State of Colorado ("Rekon Lawsuit").

3. Pursuant to Bankruptcy Code §541, Trustee has the exclusive right and power to pursue recovery of all of the claims asserted in the Rekon Lawsuit against the Affiliated Defendants.

4. The Affiliated Defendants deny that any transfers from the Debtor constituted fraudulent conveyances asserting that Debtor received reasonably equivalent value in return for any transferred property and have provided documentation to Trustee in support of the position that all transfers to them from Debtor were ordinary family expense transfers or legitimate business transactions.

5. Trustee and the Affiliated Defendants have agreed to settle fully and finally all of the potential claims against the Affiliated Defendants in the Rekon Lawsuit (the "Settlement Agreement"), attached hereto as Exhibit A, subject to Bankruptcy Court approval.

6. Under the terms of the Settlement Agreement, the Affiliated Defendants will pay to the Trustee the amount of Forty Thousand Dollars ($40,000.00) ("Settlement Amount"). Payment of the Settlement Payment shall be in full satisfaction of all claims raised or which could have been raised against the Affiliated Defendants in the Rekon Lawsuit based on any alleged fraudulent conveyance from Debtor whether direct or indirect and whether asserted in the Rekon Lawsuit or not. Upon Bankruptcy Court final approval of this Settlement Agreement, the

Trustee will cooperate with the Affiliated Defendants in motions to the Arapahoe County District Court in the Rekon Lawsuit seeking dismissal of all claims settled hereunder with prejudice.

7. "To minimize litigation and expedite the administration of a bankruptcy estate, 'compromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In assessing a request to approve a compromise under Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, "a court's general charge is 'to determine whether the settlement is fair and equitable and in the best interests of the estate.'" *Official Committee of Unsecured Creditors v. Western Pacific Airlines, Inc. (In re Western Pacific Airlines, Inc.)*, 219 B.R. 575, 579 (D. Colo. 1998) (quoting *Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 105 B.R. 971, 976 (D. Colo. 1989)).

8. Although the Court may approve a settlement under Rule 9019, *Kaiser Steel*, 105 B.R. at 978, its decision "must be an informed one based upon an objective evaluation of developed facts." *Reiss v. Hagmann*, 881 F.2d 890, 892 (10th Cir. 1989).

9. Courts have focused on four primary factors in considering approval of bankruptcy settlements: "the probable success of the litigation on the merits, any potential difficulty in collection of a judgment, the complexity and expense of the litigation and the interests of creditors in deference to their reasonable views." *Kaiser Steel*, 105 B.R. at 977; *see Korngold v. Loyd (In re Southern Medical Arts Companies, Inc.)*, 343 B.R. 250, 256 (B.A.P. 10th Cir. 2006) (same); *Martin*, 91 F.3d at 393 (same). The Court also "must carefully weigh the value of the settled claim against the value to the estate by the settlement." *In re The Hermitage Inn, Inc.*, 66 B.R. 71, 72 (Bankr. D. Colo. 1986).

10. "[S]ome deference to the business judgment" of the trustee also is appropriate where a proposed settlement otherwise is fair and equitable to the estate. *In re OptInRealBig.com, LLC*, 345 B.R. 277, 291 (Bankr. D. Colo. 2006).

11. Trustee believes that the settlement with the Affiliated Defendants is in the best interest of the estate because it avoids the cost, delay, and risk of further litigation. The Affiliated Defendants' payment of $40,000 to the estate eliminates fees and costs associated with prosecuting the claims in the Rekon Lawsuit and allows the estate a reasonable recovery.

12. Overall, the Trustee believes that the settlement is fair, reasonable and in the best interest of the estate for purposes of approval under Fed. R. Bankr. P. 9019.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order granting this Motion, approving the Settlement Agreement, and for other relief as deemed appropriate.

Dated:  February 7, 2018.                    Respectfully submitted,

*/s/  Tom H. Connolly*
Tom H. Connolly, Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO 80027
Tel. (303) 661-9292
tom@clpc-law.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 7, 2018, I served by pre-paid first class mail copies of the **TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT, NOTICE** and **PROPOSED ORDER** on the following parties in compliance with the Fed.R.Bankr.P. and the Court's Local Rules:

| | |
|---|---|
| Matthew Curtis Witt | Attorney Shaun A. Christensen via CM/ECF |
| 2792 Greatwood Way | Attorney Charles S. Parnell via CM/ECF |
| Highlands Ranch, CO 80126 | United States Trustee via CM/ECF |
| | Attorney Steven T. Mulligan via CM/ECF |
| | Attorney Mark Larson via CM/ECF |
| | Attorney Lauren E. Tew via CM/ECF |
| | Attorney Phillip Jones via CM/ECF |
| | Attorney Susan J. Hendrick via CM/ECF |
| | Attorney Abbey Dreher via CM/ECF |

      */s/ Christy Bevel*
      Christy Bevel, Legal Assistant

## SETTLEMENT AGREEMENT

Tom Connolly, Chapter 7 ("Trustee"), and Nicolle S. Witt ("Nicolle"), Pinnacle Mastery, Ltd., Silver Leaf Mortgage, Inc. and Mile High Diesel, Inc. (collectively the "Affiliated Defendants") hereby agree as follows:

WHEREAS, the Trustee has been appointed Chapter 7 Trustee in the bankruptcy case filed by Matthew Curtis Witt ("Debtor") on August 17, 2017, Case No. 17-17630-MER, United States Bankruptcy Court for the District of Colorado.

WHEREAS, on February 24, 2016, Rekon, LLC filed a complaint seeking to recover fraudulent conveyances allegedly made by Debtor either directly to Nicolle or to Nicolle through Pinnacle Mastery, Ltd., Silver Leaf Mortgage, Inc. and/or Mile High Diesel, Inc., - Case No. 16 CV 30456, Arapahoe County District Court, State of Colorado ("Rekon Lawsuit").

WHEREAS, pursuant to 11 U.S.C. § 541, Trustee has the exclusive right and power to pursue recovery of all of the claims asserted in the Rekon Lawsuit against the Affiliated Defendants.

WHEREAS, the Affiliated Defendants deny that any transfers from the Debtor constituted fraudulent conveyances asserting that Debtor received reasonably equivalent value in return for any transferred property.

WHEREAS, the Affiliated Defendants have provided documentation to Trustee in support of the position that all transfers to them from Debtor were ordinary family expense transfers or legitimate business transactions.

WHEREAS, to avoid the costs, delays, and uncertainty of litigation, the Parties have agreed to resolve all potential claims against the Affiliated Defendants as described below on the terms and conditions set forth herein and they agree that this Settlement Agreement is reasonable and in the best interest of all parties.

NOW THEREFORE, the parties hereto agree as follows:

1. Within 10 days of approval of this Agreement by the Bankruptcy Court, the Affiliated Defendants shall pay the sum of forty thousand dollars ($40,000.00) (the "Settlement Payment") to the Trustee. Payment of the Settlement Payment shall be in full satisfaction of all claims raised or which could have been raised against the Affiliated Defendants in the Rekon Lawsuit based on any alleged fraudulent conveyance from Debtor whether direct or indirect and whether asserted in the Rekon Lawsuit or not. The Settlement Payment shall be delivered to Trustee by check made out to Tom Connolly, trustee.

2. Upon Bankruptcy Court final approval of this Settlement Agreement, the Trustee will cooperate with the Affiliated Defendants in motions to the Arapahoe County

Page 1 of 3

Exhibit A

District Court in the Rekon Lawsuit seeking dismissal of all claims settled hereunder with prejudice.

3. Bankruptcy Court Approval. This Agreement is subject to Bankruptcy Court approval. The Parties shall cooperate in filing a motion requesting Bankruptcy Court approval of this Agreement.

4. No Third Party Beneficiary. This Agreement is not intended to, nor shall it be construed to recognize or create any rights or benefits of any kind in any third party.

5. Governing Law and Forum. This Agreement shall be construed under the laws of the state of Colorado.

6. Retention of Jurisdiction. The United States Bankruptcy Court for the District of Colorado shall retain jurisdiction to enforce this Agreement.

7. Binding Nature. This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and the creditors and other parties in interest, and their respective successors and assigns in this bankruptcy case.

8. Entire Agreement. This Agreement contains the entire agreement between and among the Parties hereto and shall supersede all other agreements and understandings between and among such Parties, whether written or oral, with respect to the subject matter contained herein. The terms of this Agreement are contractual, and not mere recitals, and are the result of negotiations among the Parties.

9. Counterparts. This Agreement may be executed in one or more e-mailed or facsimile counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10. Further Assurances. Each Party agrees, without further consideration, at its own expense, that it will from time to time, at the reasonable request of the other Party, execute and deliver all such instruments, documents and agreements, and take such other actions as the other Party may reasonably request to effect the transactions contemplated by this Agreement.



IN WITNESS THEREOF, the Parties have caused this Settlement Agreement to be executed as of the date first written below.

_____
Nicolle S. Witt

Silver Leaf Mortgage, Inc.
By: _____
Name: DANIEL DUGGAN
Title: CFO

Pinnacle Mastery, Ltd.
By: _____
Name: DANIEL DUGGAN
Title: MANAGER

Mile High Diesel, Inc.
By: _____
Name: Nicolle S. Witt
Title: Sole Owner

and

_____
Tom Connolly, trustee

Page 3 of 3