**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re: | Case No. 17-17630 MER |
| MATTHEW CURTIS WITT, | |
| Debtor. | Chapter 7 |

### ORDER

THIS MATTER comes before the Court on the motion filed by Noel West Lane III and Noel West Lane III as Successor in Interest to RhonLan, LLC ("**Lane**") on January 16, 2018 (referred to herein, for brevity's sake, as the "**Motion**").[1]

The Debtor filed his bankruptcy case on August 17, 2017.  Federal Rule of Bankruptcy Procedure 4004(a)[2] provides for a sixty-day period from the date of the first setting of the 11 U.S.C. § 341[3] meeting of creditors in which a complaint to object to a debtor's discharge under § 727(a) may be filed.[4]  On August 24, 2017, the Court issued an Amended Notice of Chapter 7 Bankruptcy Case setting the § 341 meeting for September 25, 2017 and setting a November 13, 2017 deadline to file an objection to the Debtor's discharge or an objection to the dischargeability of certain debts.[5]

---

[1] ECF No. 83.  The full title to Lane's Motion is: "Notice of Motion and Motion to Reconsider Extending Time to Object to Discharge in 17-176430-MER Pursuant to Rule 4004(a) for Reasons Set forth in Notice of Motion and Motion for Request for Extraordinary Stay of Procedures.  As a Case of First Impression Lacking Statutory Authority or Case Law This Motion Would Allow for the Filing of State Claims in the Matter of Case Number 2017-CV-31212 and Procedural Permission to Proceed in Jefferson County District Court to Prosecute Claims of Fraud on the Court by Plaintiff Witt Outside the Jurisdiction of Federal Bankruptcy Court and Opportunity for Hearing Pursuant to 11 U.S.C. § 362(d) and 28 U.S.C. § 1334(d)."

[2] Unless otherwise specified, all references herein to "Bankruptcy Rule or Bankruptcy Rules" refer to the Federal Rules of Bankruptcy Procedure, and all references to "Civil Rule or Civil Rules" refer to the Federal Rules of Civil Procedure.

[3] Unless otherwise specified, all references herein to "Section," "§" "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq.*

[4] Bankruptcy Rule 4004(a).

[5] ECF No. 17.

On November 13, 2017, creditor Rekon, LLC filed an adversary complaint seeking a determination of nondischargeability under § 523(a)(2)(A).[6] No other creditor or party in interest sought an extension of the deadline imposed by Bankruptcy Rule 4004(a) to object to the Debtor's discharge. On January 2, 2018, the Debtor's order of discharge under § 727 was entered.[7]

After Lane was confronted at the January 10, 2018 hearing with the fact the deadline to object to the Debtor's discharge had expired and the Debtor's discharge was entered without objection, Lane filed the instant Motion on January 16, 2018. Although couched as a motion to reconsider, Lane's Motion essentially asks the Court to extend the already-expired deadline to object to the Debtor's already-entered discharge. Whether construed as a motion brought under Civil Rule 59 or Civil Rule 60 or as a motion for an extension of time under Bankruptcy Rule 4004(b), the Court cannot grant the relief requested in the Motion.

### A.   Motions to Reconsider Pursuant to Civil Rule 59 or 60.

Neither the Federal Rules of Bankruptcy Procedure nor the Federal Rules of Civil Procedure recognize a "motion to reconsider."[8] Instead, federal courts treat such motions as either a motion to alter or amend judgment under Civil Rule 59(e) or a motion for relief from judgment under Civil Rule 60(b). "These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies to a motion depends essentially on the time a motion is served."[9] A motion under Bankruptcy Rule 9023 and Civil Rule 59(e) to alter or amend a judgment must be filed within fourteen days after entry of judgment.[10] If the motion is filed after that time, it falls under Civil Rule 60(b).

The Motion does not make clear what judgment Lane is seeking to alter or amend pursuant to Civil Rule 59(e) or what final judgment, order or proceeding Lane is seeking relief from pursuant to Civil Rule 60(b). The Court cannot determine on its face under which Civil Rule the Motion should

---

[6] *Rekon, LLC v. Matthew Curtis Witt (In re Matthew Curtis Witt)*, Adv. 17-01548 MER.

[7] ECF No. 70.

[8] *In re Pabon Rodriguez*, 233 B.R. 212, 218 (Bankr. D. P.R. 1999) *aff'd,* 17 Fed.Appx. 5 (1st Cir.2001) (citing *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991)).

[9] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)

[10] Bankruptcy Rule 9023.

be considered. Because Lane is asking the Court to permit him to file an objection to the Debtor's discharge, the Court can only construe the motion as asking the Court to reconsider the order granting the Debtor's discharge entered on January 2, 2018. The Motion was filed on January 16, 2018, fourteen days after entry of the Debtor's discharge on January 2, 2018. Accordingly, the Court will construe the Motion, in line with Lane's arguments in the Motion, as one to alter or amend the order granting the Debtor's discharge under Civil Rule 59(e).

The Court notes the practical effect of granting the Motion would be to revoke the Debtor's discharge to permit Lane to file a complaint under § 727(a). However, revocation of a debtor's discharge is an extraordinary remedy.[11] Section 727(d) must therefore be "construed strictly against the party seeking revocation and liberally in the debtor's favor."[12]

First, Lane does not give the Court any basis to permit him to conduct an end-run around Bankruptcy Rule 7001(4)'s express requirement for "proceeding[s] to object to or revoke a discharge" be brought as an adversary proceeding. Moreover, Lane's attempt to have the Debtor's discharge revoked in order for him to file an untimely objection fails on the merits. In support of reconsideration of the Debtor's discharge order, Lane offers "newly discovered evidence." Lane states in his Motion:

> Defendant/appellant disclosed to the Court at hearing on January 10, 2018, Defendant/appellant's filing of 18SA6 and Defendant/appellant's assertion that Matthew C. Witt's and Nicole Witt's attorney violated District Judge Pilkington's Minute Order 10/30/17 in the matter of 2017-cv-31212, causing Defendant/appellant to file his objection to discharge in 17-17630-Mer late.[13]

At the January 10, 2018 hearing in this case, Lane articulated to the Court he failed to file a timely objection to the Debtor's discharge because he relied on status reports filed in the state court litigation by the Debtor and Nicole Witt which, according to Lane's allegations, were falsified and failed to set forth the November 13, 2017 deadline to object to the Debtor's discharge in this case.

---

[11] *In re Boydstun*, 2013 WL 5134324, at *2 (Bankr. D. N.M. Sept. 13, 2013) (quoting *Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008)).

[12] *Id.*

[13] ECF No. 83, p. 7, ¶ 8.

Previously unknown facts, including those relating to a debtor's fraud, may support revocation of a discharge under § 727(d), but only where "the requesting party did not know of such fraud until after the granting of such discharge."[14] Neither the Motion, nor Lane's presentation at the January 10, 2018 hearing give the Court any basis to determine the timing of Lane's discovery of the alleged fraud. Although Lane stated at the hearing he did not know of the November 13, 2017 deadline to object to the Debtor's discharge until it passed, there is no basis for the Court to conclude Lane did not know of the alleged fraud until after the Debtor's discharge was entered almost two months later, on January 2, 2018. Further, if Lane learned of the alleged fraud after the deadline to object passed but prior to the entry of discharge, as discussed below Bankruptcy Rule 4004(b)(2) provides an avenue for an extension of the discharge objection deadline in such a situation.[15] Thus, whether under the rubric of "newly discovered evidence" to support reconsideration of entry of the Debtor's discharge under Civil Rule 59(e) or revocation of the Debtor's discharge under § 727(d), Lane gives the Court no sufficient legal or factual bases to take the profound step of revoking the Debtor's discharge to permit additional time for Lane to file an objection.

Lastly, Lane's argument for reconsideration of the discharge order to prevent manifest injustice is unconvincing. Prevention of manifest injustice is not among the enumerated bases for revocation of a debtor's discharge under § 727(d). In the context of Civil Rule 59(e), although the U.S. Court of Appeals for the Tenth Circuit has not specifically defined "manifest injustice," other courts have defined it as "more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."[16] Here, Lane argues manifest injustice will result if his motion for an extension of the discharge deadline is not granted.[17] However, Lane fails to offer any basis for the Court to find the entry of the Debtor's discharge was fundamentally unfair or the Court's entry of the discharge was somehow "patently unfair and tainted" when, by all accounts,

---

[14] 11 U.S.C. § 727(d)(1).

[15] Bankruptcy Rule 4004(b)(2).

[16] *Smith v. Lynch*, 2015 WL 4324167, *3 (D.D.C.). *See also In re Green Goblin, Inc.,* 2012 WL 1971143, *1 (Bankr. E.D. Pa. May 31, 2012) (quoting *In re Roemmele,* 466 B.R. 706 (Bankr. E.D. Pa. 2012)) ("In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it.").

[17] ECF No. 83, ¶ 10.

Lane received notices from this Court expressly providing the deadline by which creditors must object to the Debtor's discharge.

Thus, the Court will not grant Lane's motion and effectively revoke the Debtor's discharge to allow Lane additional time to make an objection.

### B. Motion for Extension of Time Pursuant to Bankruptcy Rule 4004(b).

To the extent Lane is simply asking the Court for an extension of time to object to the Debtor's discharge, Lane's request is untimely and must be denied.

Bankruptcy Rule 4004(b) provides:

(b) Extension of Time

> (1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

> (2) A motion to extend the time to object to discharge may be filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under § 727(d) of the Code, and (B) the movant did not have knowledge of those facts in time to permit an objection. The motion shall be filed promptly after the movant discovers the facts on which the objection is based.

Bankruptcy Rule 9006(b) restricts the Court from enlarging the time to file an objection under Bankruptcy Rule 4004(a) for any reasons other than what is articulated under Bankruptcy Rule 4004(b).[18]

The express language of Bankruptcy Rule 4004(b) imposes two strict time limits for seeking an extension of the time to object to a debtor's discharge. Under subsection (1), the motion shall be filed before the time to object has expired. Under subsection (2), the extension may be sought after the time to object has passed, but *before* the discharge is granted.

---

[18] *Kontrick v. Ryan*, 540 U.S. 443, 448 (2004). Bankruptcy Rule 9006(b)(3) provides: "The court may enlarge the time for taking action under Rule 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 4008(a), 8002 and 9033, only to the extent and under the conditions stated in those rules."

5

In this case, Lane did not seek an extension of the time to object to the Debtor's discharge before the November 13, 2017 deadline passed. Therefore, Lane cannot be granted relief pursuant to Bankruptcy Rule 4004(b)(1).

Nor did Lane seek an extension of time to object to the Debtor's discharge before the discharge entered on January 2, 2018. Even if Lane had done so, there is nothing contained in the Motion giving the Court a basis to find Lane's unarticulated objection to the Debtor's discharge is based on facts which, if learned after the discharge, would provide a basis for revocation under § 727(d) and Lane did not have knowledge of those facts in time to permit an objection. Therefore, Lane cannot be granted relief pursuant to Bankruptcy Rule 4004(b)(2).

Based on the express language of Bankruptcy Rules 4004(b) and 9006(b)(3), Lane's Motion is untimely.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED the Motion is denied.

Dated February 7, 2018          BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court