# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
# The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>MATTHEW CURTIS WITT,<br><br>Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |

## ORDER

THIS MATTER is before the Court on: 1) the Motion to Approve Settlement Agreement[1] filed by Trustee Tom Connolly ("**Trustee**"); 2) the Objection[2] to the Settlement Motion filed by Creditor Rekon, LLC ("**Rekon**");[3] 3) the Response[4] filed by Debtor Mathew Witt ("**Debtor**"); the Response[5] filed by affiliated defendants Nicolle S. Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and Silver Leafe Mortgage, Inc. ("**Affiliated Defendants**"); and 4) the Reply filed by Rekon.[6]

On February 24, 2016, Rekon filed a complaint seeking to recover fraudulent conveyances allegedly made by the Debtor directly or indirectly to one or more of the Affiliated Defendants.[7] It is undisputed Rekon's fraudulent conveyance claims in the Rekon Lawsuit became property of the estate upon the commencement of this bankruptcy case.[8] Exercising his

---

[1] ECF No. 96 ("**Settlement Motion**").

[2] ECF No. 125 ("**Rekon Objection**").

[3] Rekon is a creditor of the Debtor by a judgment this Court entered in Adv. No. 11-1251 MER against the Debtor in the amount of $1,636,458.34 1251 ("**Judgment**"). Rekon purchased and now holds the Judgment.

[4] ECF No. 128 ("**Debtor Response**").

[5] ECRF No. 129 ("**Affiliated Defendants' Response**").

[6] ECF No. 133.

[7] Case No. 16 CV 30456, Arapahoe County District Court, State of Colorado ("**Rekon Lawsuit**").

[8] *In re Kopp*, 347 B.R. 842, 847 (Bankr. D. Kan. 2007) ("the right to recover fraudulently transferred property vested in the Trustee as of the petition date."); 1 COLLIER ON BANKRUPTCY P 15.03 (16TH 2018) ("Unquestionably, actions under the avoiding powers of the Bankruptcy Code (sections 544, 545, 547 and 548) belong to the estate and only the trustee or debtor in possession has direct standing to bring

exclusive right and power to pursue recovery of all claims asserted in the Rekon Lawsuit against the Affiliated Defendants, on or about February 7, 2018, the Trustee agreed to settle with the Affiliated Defendants in exchange to a payment from the estate of $40,000 ("**Settlement**").

In the Rekon Objection, Rekon asserts the Settlement is not in the best interests of the estate because Rekon is willing to pay more than $40,000 for the right to pursue the fraudulent transfer claims against the Affiliated Defendants. Specifically, Rekon offered $50,000 to the estate in exchange for a transfer of those claims. The Debtor's Response and the Affiliated Defendants' Response rebut the Rekon Objection and request approval of the Settlement.

At a hearing held March 26, 2018, the Court directed the Trustee to allow the parties to further bid if they so desired. On April 20, 2018, the Trustee filed a supplemental report and result of bidding stating Rekon's offer to purchase the claims for $50,000 is the highest and best offer the Trustee will receive for the proposed sale.[9] The Trustee's supplemental report further discloses the terms of the proposed sale and attaches the proposed sale agreement.[10]

Based on this history, the Court must determine whether to approve the Settlement and grant the Settlement Motion, or reject the Settlement and authorize the sale of the claims against the Affiliated Defendants to Rekon. If the Court approves the Settlement, the estate will receive $40,000, but if the Court approves the sale, the estate will receive $50,000.

Rekon argues the additional $10,000 consideration weighs strongly in favor of rejecting the Settlement because "[t]he interests of creditors require that the Trustee maximize the estate in the event there is any sum which might be distributed to creditors."[11] While this is generally correct, the Court disagrees with Rekon's analysis for two reasons.

---

those actions.") (citing Morley v. Ontos, Inc. (*In re* Ontos, Inc.), 478 F.3d 427, 431 (1st Cir. 2007) (holding fraudulent transfer action is property of the estate)).

[9] ECF No. 145.

[10] Although the Trustee has not filed a sale motion pursuant to 11 U.S.C. § 363, the parties' filings are clear and the Court finds the proposed sale properly before it.

[11] Rekon Objection at ¶ 12 (citing *Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004).

The deadline for non-governmental creditors to timely file claims against the estate expired on June 18, 2018.[12] The total of all timely filed unsecured claims in this case is $2,250,983.50. Rekon's unsecured claim comprises $1,636,458.34, which is 72% of the total pool of general unsecured creditors. As a result, before administrative expenses, if the Court were to approve the sale over the Settlement, Rekon would receive an additional distribution of $7,200.00, a substantial return of its additional $10,000 contribution in purchasing the claims before any adjudication or recovery. In contrast, Rekon's sale offers other unsecured creditors a net distribution gain of $2,800.00, resulting in an increase in the pro rata distribution to other unsecured creditors by less than one-half of one percent. This paltry distribution gain relative to the total claims in this case does not support approval of the sale over the Settlement.[13]

Second, even if the Court were otherwise inclined to approve the sale, Rekon proposes to buy non-assignable claims. Section 550(a) explicitly limits recovery of an avoided transfer to "the trustee" and only "for the benefit of the estate."[14] Accordingly, the Trustee, and only the Trustee, has the ability to recover on a fraudulent transfer claim, and the estate must benefit from the recovery. In *In re ms55*, Inc., Judge A. Bruce Campbell (Ret.) of this Court explained the reasoning for the non-assignability of avoidance claims as follows:

> This policy – of treating similarly situated creditors alike, and preventing the favoring of a single creditor over the creditor body as a whole – prevents a bankruptcy trustee from transferring the powers conferred upon him by sections 544, 545, 547, 549 and 553 of the Bankruptcy Code to an individual creditor, unless that creditor is pursuing relief for the benefit of the estate. . . . [T]here is no statutory mechanism for transferring the trustee's chapter 5 powers to a single creditor which does not act to benefit the estate.[15]

---

[12] ECF No. 134.

[13] In its Response, Rekon states its claim is over $2.2 million. Of course if Rekon's claim increases, more of its additional $10,000 will be returned, and less of that consideration will be distributed to other creditors.

[14] *In re Furrs*, 294 B.R. 763, 769 (Bankr. D. N.M. 2003).

[15] *In re ms55, Inc.*, 420 B.R. 806, 817-18 (Bankr. D. Colo. 2009), *aff'd* 2011 WL 1084967 (D. Colo. Mar. 21, 2011) (citing *Citicorp. Acceptance Co. v. Robinson (In re Sweetwater)*, 884 F.2d 1323 (10th Cir. 1989)); *Fleet Nat'l Bank v. Doorcrafters (In re North Atlantic Millwork Corp.)*, 155 B.R. 271, 281 (Bankr. D. Mass. 1993)); *Consolidated Pet Foods, Inc. v. Millard Refrigerated Services, Inc. (In re S & D Foods, Inc.)*, 110 B.R. 34, 36 (Bankr. D. Colo. 1990)); and *United Capital Corp. v. Sapolin*

This Court agrees with *In re ms55, Inc.* and the authorities cited therein.

In its pleadings, Rekon does not assert any benefit to the estate in approving the sale over the Settlement other than the additional $10,000. Clearly, Rekon would not be pursuing the avoidance claims for the benefit of the estate. Rather, Rekon would pursue the estate's avoidance claims for its own benefit, a result incompatible with the express provisions of § 550(a).

Having determined the Court cannot approve the sale of the estate's avoidance claims to Rekon, the Court must address approval of the settlement pursuant to Fed. R. Bankr. P. 9019. To be clear, no party in interest objected to the settlement other than Rekon, and the sole grounds for Rekon's objection is its impermissible proposed alternative, namely the sale transaction. In the absence of any other objection, the Court has objectively considered the claims to be settled and finds the proposed settlement fair and equitable and in the best interests of the estate. Not only does the Settlement provide value to the estate, the Settlement would bring an end to the protracted litigation involving the Affiliated Defendants. The Court has not been presented with any viable alternative, and finds the Trustee exercised reasonable business judgment in entering into the Settlement.

For these reasons, it is ORDERED as follows:

1. The Settlement Motion is GRANTED and the Settlement is APPROVED.

2. To the extent any of the parties' pleadings can be construed as a motion to sell the claims at issue pursuant to § 363, such motion is DENIED.

Dated July 16, 2018     BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

*Paints, Inc. (In re Sapolin Paints, Inc.)*, 11 B.R. 930, 937 (Bankr. E.D. N.Y. 1981). *See also In re Furrs*, 249 B.R. 763, 769 (Bankr. D. N.M. 2003) (holding trustee cannot assign or sell chapter 5 avoidance claim).

4