## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re ) | |
| ) | |
| MATTHEW CURTIS WITT, ) | Case No. 17-17630-MER |
| Debtor. ) | Chapter 7 |
| ) | |

## OBJECTION TO EX PARTE MOTION FOR 2004 ORDER FOR EXAMINATION FILED BY NOEL WEST LANE

Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc., and, Silver Leaf Mortgage, Inc. (collectively the "Affiliated Parties"), through counsel, respectfully submit their Objection to the Ex Parte Motion for 2004 Order for Examination filed by Noel West Lane (the "2004 Motion"). As grounds therefore, the Affiliated Parties state as follows:

1. Matthew Witt ("Debtor" filed a voluntary petition for relief under Chapter 7, of Title 11 of the United States Code on August 17, 2017 ("Petition Date").

2. Tom Connolly is the duly appointed Chapter 7 Trustee in this bankruptcy case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and this is a core proceeding.

4. Mr. Lane filed his 2004 Motion on March 8, 2019, ex parte. *See Docket No. 169.* Mr. Lane seeks to examine the Affiliated Parties concerning "inquiry into the Debtor's and other examinees' financial transactions prior to the bankruptcy petition which may directly impact the administration of the estate and claims of fraudulent conveyance." *Id.* at 16.

5. On March 1, 2019, this Court entered its Order Granting David Kahn's 2004 Motion (the "2004 Order"). *See Docket No. 164.* Mr. Lane seeks to piggyback on the 2004 Order based upon his relationship with Mr. Kahn. *See Docket No. 169 at 3-4.* The Affiliated Parties have filed a Motion asking the Court to reconsider the 2004 Order. *See Docket No. 167.*

6. The Court entered its order granting the Debtor a discharge on January 2, 2018. See Docket No. 70.

7. Mr. Lane was scheduled as a creditor by the Debtor. *See Docket No. 1, Sch. D.* Mr. Lane received timely notice of the Meeting of Creditors and Deadline to object to

discharge. *See Docket Nos. 11 & 14.*

8. Mr. Lane did not timely file a complaint under 11 U.S.C. § 523 to except his debt from discharge. Fed.R.Bankr.P. 4007(c). Nor did he file a complaint asserting Debtor should be denied a discharge under 11 U.S.C. § 727. Fed.R.Bankr.P. 4004(a). He did file a motion for an extension of time which the Court considered as a motion to revoke the Debtor's discharge. *See Docket No. 83.* The Court denied the Motion, stating:

> Thus, whether under the rubric of 'newly discovered evidence' to support reconsideration of entry of the Debtor's discharge under Civil Rule 59(e) or revocation of discharge under § 727(d), Lane gives the Court no sufficient legal or factual basis to take the profound step of revoking the Debtor's discharge to permit additional time for Lane to file an objection.

*See Docket No. 100, p.4.*

9. Likewise, Mr. Lane offers the Court no new facts in his current motion, in which he mainly discusses 44 boxes that have been in his possession since at least 2016. *See Docket 169, Exhibit A.*

10. Pursuant to 11 U.S.C. § 727(e), except in very limited circumstance not applicable here, a request for revocation of a debtor's discharge must be filed within one year after the discharge is granted. Mr. Lane has requested a Rule 2004 exam, which he appears to intend to do pro se, well after the one year bar date.

11. It is axiomatic that a Rule 2004 examination, while very broad, is not unlimited. *In re Buick,* 174 B.R. 299, 206 (Bankr.D.Colo. 1994); *In re Blinder, Robinson & Co., Inc.,* 127 B.R. 267 (D.Colo. 1991). Rule 2004 should not be used as a discovery tool to harass an interested party. *Id.*

12. Further, "the examination of a witness [under Rule 2004] as to matters having no relationship to the debtor's affairs or no effect on the administration of the estate is improper." *In re Continental Forge Co., Inc.*, 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987); *See also, In re Cinderella Clothing Indus., Inc.,* 93 B.R. 373 (Bankr. E.D. Pa. 1988)(A post-confirmation Rule 2004 exam must be limited to "issues which the court, at that time, still has the power to entertain."); *In re Strecker,* 251 B.R. 878, 880 (Bankr. D. Colo. 2000)(An examination of a debtor will not be allowed where the creditor has no colorable claim under 11 US.C. §§ 523 or 727.).

13. The only issue remaining in the administration of Debtor's bankruptcy case is a motion to partially avoid Mr. Kahn's lien on the Debtor's share of his residence and

        Mr. Kahn's objection. *See Docket Nos. 45 & 73*. This issue does not involve the Affiliated Parties or Mr. Lane.

14. Prior to the Debtor's bankruptcy filing, Rekon, LLC brought a meritless fraudulent conveyance lawsuit against the Affiliated Parties.

15. Upon the Debtor's bankruptcy filing the claims asserted against the Affiliated Parties became property of the bankruptcy estate. 11 U.S.C. § 541. *See Delgado Oil Co., Inc. v. Torres,* 785 F.2d 857, 860 (10th Cir. 1986).

16. The Trustee was provided extensive personal and business records of the Affiliated Parties and did his own investigation. The proper disposition by the Trustee of the claims asserted against the Affiliated Parties was extensively briefed for the Court.

17. On July 16, 2018, the Court entered its Order approving a settlement agreement between the Trustee and Affiliated Parties ("Settlement Order"), stating as follows:

> [T]he Court has objectively considered the claims to be settled and finds the proposed settlement fair and equitable and in the best interests of the estate. Not only does the Settlement provide value to the estate, the Settlement would bring an end to the protracted litigation involving the Affiliated Defendants. The Court has not been presented with any viable alternative, and finds the Trustee exercised reasonable business judgment in entering into the Settlement.

*See Docket No. 150, p.4.*

18. In accordance with the Court's Settlement Order, the Affiliated Parties paid the settlement amount and the Trustee stipulated to the dismissal of the lawsuit brought by Rekon, LLC with prejudice. That should be the end of any inquiries related to the relationship of the Affiliated Parties and the Debtor.

19. Mr. Lane has not demonstrated any valid basis for his request to conduct exams of the Affiliated Parties or for his extensive request for the production of confidential documents. Indeed, all of the alleged "fraudulent conveyances" were resolved by the Affiliated Parties' settlement with the Trustee. *Id.* Mr. Lane's 2004 Motion simply regurgitates the previous allegations and document production requests by Rekon.

20. Mr. Lane's request for documents and depositions at this late date, when he has no lawful claim to pursue, is simply harassment.

WHEREFORE, Affiliated Parties request that the Court enter an order denying Mr. Lane's 2004 Motion, and that the Court grant such other and further relief as it deems appropriate.

DATED: March 14, 2019.	Respectfully submitted,
BUECHLER LAW OFFICE, L.L.C.

*/s/ Kenneth J. Buechler*

_____
Kenneth J. Buechler, #30906
999 18th Street, Suite 1230 S
Denver, Colorado 80202
Tel: 720-381-0045/Fax: 720-381-0382
ken@kjblawoffice.com

## CERTIFICATE OF SERVICE

I certify that on March 14, 2019, I served a complete copy of **OBJECTION TO EX PARTE MOTION FOR 2004 ORDER FOR EXAMINATION FILED BY NOEL WEST LANE** on the following parties in compliance with the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

**Via U.S. Mail**:

Matthew Curtis Witt
2792 Greatwood Way
Highlands Ranch, CO 80126

David Kahn
9450 SW Gemini Dr. #53210
Beaverton, OR 97008

Noel West Lane III
1060 Ingalls Street
Lakewood, CO 80214

**Via CM/ECF**:

| | |
|---|---|
| Shaun A. Christensen | Tom H. Connolly |
| Abbey Dreher | Susan J. Hendrick |
| Phillip Jones | Steven T. Mulligan |
| Charles S. Parnell | Lauren E. Tew |
| Patrick D. Vellone | US Trustee |

By: _/s/ Sharon E. Fox_
For Buechler Law Office, L.L.C.