IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>MATTHEW CURTIS WITT,<br>SSN: XXX-XX-4130<br><br>Debtor | Case No. 17-17630 MER<br><br>Chapter 7 |

**MOTION FOR ORDER (1) TO SHOW CAUSE WHY NOEL LANE SHOULD NOT BE HELD IN CONTEMPT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION, (2) DIRECTING NOEL WEST LANE, III. TO CEASE AND DESIST FROM ACTIVITIES DESIGN TO COLLECT A DISCHARGED DEBT OR HARM THE DEBTOR AND HIS FAMILY**

Debtor Matthew C. Witt ("Mr. Witt"), by and through his counsel, Law One, moves the Court to enter an order to show cause why Noel West Lane, III ("Mr. Lane") should not be held in contempt for violating the discharge injunction by his conduct over the past year and directing Mr. Lane to cease and desist from ongoing activities designed to collect money from the Debtor or harm him and his family.

In support hereof, the Mr. Witt states as follows:

1. On August 17, 2017 (the "Petition Date"), Mr. Witt filed for chapter 7 bankruptcy protection. On January 2, 2018 (the "Discharge Date"), Mr. Witt was granted a discharge.

2. Mr. Lane failed to object in a timely manner to the discharge being entered.

3. A discharge under the Bankruptcy Code "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

4. Violations of § 524(a)(2) are treated as civil contempt, and "the bankruptcy court has the power to impose civil sanctions on those in contempt of its orders," *Schott v. Wyhy Fed. Credit Union (in Re Schott)*, 282 B.R. 1, 8 (B.A.P. 10th Cir. 2002).

5. Civil contempt proceedings are core proceedings. *In re Skinner*, 917 F.2d 444, 448 (10th Cir. 1990).

6. Creditor "shenanigans" which are prompted in response to a bankruptcy subject the violator to contempt sanctions. *In re Claussen,* 118 B.R. 1009, 1014 (Bankr. D. S.D. 1990).

Examples of shenanigans include: calling in a loan early in an attempt to make an example for other borrowers debating bankruptcy; posting signs aimed at shaming debtor into paying debt; and refusing to provide medical care on a cash basis to a debtor in bankruptcy. *Id* citing to, respectively, *In re Guinn,* 102 B.R. 838, 841 (Bankr. N.D. Ala.1998); *In re Sechuan City, Inc.,* 96 B.R. 37, 44 (Bankr.E.D. Pa.1989), *In re Olsen,* 38 B.R. 515, 518 (Bankr.N.D. Iowa 1984). A motivation to harass the debtor is also a violation of the discharge injunction. *See, e.g.*, *Culley v. Castleberry (In re Culley)*, 347 B.R. 115 (B.A.P. 10th Cir. 2006) (The creditor's "statement, 'it's not about the money,' supports the bankruptcy court's conclusion that the [debtor's ex-husband] undertook his collection actions in attempt to intimidate or harass [the debtor] rather than in any bona fide attempt to collect a debt.")

7. Pursuant to 11 U.S.C. § 105(a), this Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

8. This Court held a preliminary hearing on January 10, 2018, on a Motion for Relief from Stay filed by Mr. Lane. At the hearing the Court advised Mr. Lane that any claim he might have against Mr. Witt was discharged and pursuing such a claim would be a violation of the bankruptcy stay. [*See*, Dkt. 77 ("After Lane was confronted at the January 10, 2018 hearing with the fact that the deadline to object to the Debtor's discharge had expired and the Debtor's discharge was entered without objection, Lane filed the instant Motion on January 16, 2018." Dkt. No. 100, p.2)]

9. Mr. Lane's January 16, 2018, motion requested an extension of the deadline for objecting to the debtor's discharge, which the Court treated as motion to revoke the Mr. Witt's discharge. [Dkt. No. 100, p. 3]. On February 7, 2018, the Court entered its order denying Mr. Lane's motion, specifically noting the following:

[T]here is nothing contained in the Motion giving the Court a basis to find Lane's unarticulated objection to the Debtor's discharge is based upon facts which, if learned after the discharge, would provide a basis to revocation under § 727(d) and Lane did not have the knowledge of those facts in time to permit an objection. [Dkt. No. 100, p. 6].

10. To date, despite the discharge of Mr. Witt's debts, and the Court's February 7, 2018 Order, Mr. Lane continues to take actions in pursuit of collecting money from Mr. Witt.

11. Mr. Lane has been working with David Kahn in an attempt to collect on a discharged debt owed by Mr. Witt to Mr. Kahn, as well as to collect money from Mr. Witt on behalf of himself. Mr. Lane has been substantially involved in directing Mr. Kahn's collection efforts in hopes of collecting from Mr. Witt an amount that would be divided with. Mr. Kahn.

12. Mr. Lane's collection efforts are tied to an Information and Box Sharing Agreement that Mr. Lane entered into with Mr. Kahn in January 2016 ("Collection Agreement"). *See Collection Agreement herein attached as Exhibit 1*. The Collection Agreement relates to 44 boxes put in a storage locker by Mr. Witt after CCI filed bankruptcy (the "Boxes"), which Mr. Kahn acquired when the contents of the storage locker were sold by public auction in 2012. Mr. Lane

2

took possession of the 44 Boxes by June 2016. Under the Collection Agreement, Mr. Kahn and Mr. Lane agreed to divide proceeds from Mr. Lane's collection efforts according to a formula.

13. Mr. Lane's collections efforts over the past several months, well after entry of Mr. Witt's discharge order and this Court's denial of Mr. Lane's January 2018 motion include, but are not limited to, the following:

(a) Mr. Lane has repeatedly misrepresented the contents of the Boxes, and used them to make claims of newly discovered evidence, to make unfounded allegations of fraud against Mr. Witt and harass Mr. Witt.[1]

(b) Mr. Lane has threatened to go public with the contents of the Boxes which would be for no purpose other than to harass Mr. Witt.

(c) Mr. Lane has expressed an intent to pursue an action against Mr. Witt's wife, Nicole Witt, and harass her employer, Hormel. *See February 12, 2019 Email herein attached as Exhibit 2.*

(d) On February 15, 2019, Mr. Lane advised Mr. Kahn that the lien on Mr. Witt's house would be $500,000 because of bankruptcy fraud. *See Exhibit 3.*

(e) Mr. Lane directed Mr. Kahn to not comply with the subpoenas for the Boxes. *See Email Chain herein attached as Exhibit 3*.

(f) Reporting Mr. Witt to the FBI for fraud allegations which have already been determined to be unfounded. *See March 8, 2019 Email herein attached as Exhibit 4*.

(g) On March 11, 2019, Mr. Lane requested a 2004 exam in order to pursue his collection efforts, notwithstanding that he never filed a proof of claim and has no identifiable claim against Mr. Witt. *See*, *Hanson v. Sabala (In re Sabala)*, 334 B.R. 638 (B.A.P. 8th Cir., 2005) (Creditor who filed second complaint to determine dischargeability of debt after dismissal of his prior complaint found to have violated the discharge injunction.); *In re Lane*, 2018 WL 4210234 (Bankr. W.D. Ky.) ("The Court finds the filing of the second adversary proceeding on issues that have already been fully litigated, appealed or otherwise waived, amounts to frivolous and/or vexatious litigation tactics that had only an improper purpose and amount to an abuse of the bankruptcy process."). The Emails between Mr. Lane and Mr. Kahn show that their requests for documents pursuant to Rule

---

[1] Each of the following court filings was premised on the assertion of newly discovered evidence:, (1) Witt v. Snider et al., Jefferson County District Court, Case No. 2017 CV 31202, objection to closing of case, filed February 21, 2019; (2) Rekon, LLC v, Witt, Adversary Proceeding 17-1548-MER, Motion to Quash, filed February 26, 2019 [Dkt. #51, ☐ 6]; and(3) *Id.*, motion for order of intervention, filed May 3, 2019 [Dkt #76, ☐5]

3

2004 are directly relatedly to pursuit of the Collection Agreement and not administration of Mr. Witt's bankruptcy case.[2]

(h)  On April 12, 2019, Mr. Lane filed an appeal related to the Jefferson County Case, with the Colorado Court of Appeals, Case No. 2019CA656.  *See Notice of Appeal herein attached as Exhibit 5*.  Mr. Lane in his appeal identifies Mr. Witt as the only Appellee.  Mr. Lane appeals The Honorable Jeffrey R. Pilkinton's order closing the case after having determined that all claims in the case were resolved.  Mr. Lane's appeal violates the discharge injunction and is incorrect in several respects:

  i.  Mr. Lane filed the appeal even though he had no underlying claim against Mr. Witt in the Jefferson County Case, and even if he did have a claim pursuing an appeal on such a claim would violate the discharge injunction.

  ii.  Mr. Lane asserts the Jefferson County Court erred in not considering new evidence in the Boxes, which Mr. Lane has been in his possession since 2016.

  iii.  The Notice of Appeal falsely asserts that "Judge Pilkington's order to close case is controverted by Judge Romero's rulings in 17-17630-MER. Dkts #106 and 70 showing credible evidence in the 44 boxes."  *See Exhibit 5, pp. 2 and 5*.

  iv.  The Notice of Appeal includes the assertion that an issue raised on appeal is "Whether the trial court erred in failing to acknowledge [Mr. Lane's] requested new evidence which damaging evidence is the basis of fraud alleged against [Mr. Witt] and which controverts the claims made against [Mr. Lane] in 2017-cv-31212." *(The claims made against Mr. Lane in the Jefferson County case were actually dismissed, and Mr. Lane never requested an award of fees and costs). See Exhibit 5, p. 4*.

  v.  The Notice of Appeal includes the assertion that an issue raised on appeal is "Whether the trial court erred in granting [Mr. Witt's] 12(b) Motion to Dismiss [Mr. Lanes 3rd Party Complaint against [Mr. Witt's] wife…" (The trial court actually granted Mrs. Witt's Motion for Summary Judgment). See Exhibit 5, p. 5.  Mr. Lane is tacitly admitting here that his actions against Mrs. Witt are in actuality an attempt to collect a debt he claims is owed my Mr. Witt, because he does not name Mrs. Witt as an appellee, nor did he appeal the Order of Summary Judgment when it was entered.

  vi.  The Notice of Appeal further alleges that the trial court erred by failing to take into account that Mr. Witt filed for bankruptcy protection to avoid collection of various claims.  See Exhibit 5, p. 6.

---

[2] Mr. Kahn also filed a Motion for Rule 2004 exam with a document production request identical to Mr. Lane's. [Dkt. #162].  The Court recently entered an Order preventing the Rule 2004 exam, and noted that Mr. Kahn's request for twelve years of records from the Debtor and Affiliated Entities. "seems outlandish to the point of harassment.".  [Dkt. #193, p. 3].

4

14. On May 3, 2019, Mr. Lane filed another spurious, frivolous legal document, this time a motion for intervention with this Court in *Rekon, LLC v. Witt*, Adversary Proceeding 17-1548-MER.

15. Mr. Lane is clearly out of control. He refuses to retain competent counsel, and continues to file completely frivolous pleadings defaming Mr. Witt and his wife, often misrepresenting the orders of this Court. Mr. Lane has repeatedly articulated in court filings that chief among Mr. Witt's alleged acts of wrong-doing was Mr. Witt's exercise of his right to seek the protection of this Bankruptcy Court. Mr. Lane continues to do everything in his power to deprive the Mr. Witt of the relief from harassment that the Bankruptcy Code is intended to provide.

16. Mr. Lane expects far too much latitude because he is acting pro se. The opinion of the 10th Circuit Bankruptcy Appellate Panel in *Culley* clearly states the standard that should be applied to prevent Mr. Lane's constant misuse of the legal system:

> Nor would pro se status exempt [the Creditor] from compliance with relevant rules of procedural and substantive law. Pro se litigants must follow the same rules of bankruptcy procedure as govern other litigants [citing, *Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994)]. [The Creditor] decided to represent himself, he undertook the responsibility to comply with relevant rules of procedural and substantive law, and he accordingly will not be graced with any special treatment as a reward for his decision to represent himself. Upon receiving notice of [the Debtor's] bankruptcy, his duty was to stop pursuing his debt outside of the bankruptcy proceedings. Instead, [the Creditor] violated the discharge injunction.

*Culley v. Castleberry (In re Culley)*, 347 B.R. 115 (B.A.P. 10th Cir. 2006).

17. Mr. Lane continually abuses his status as a pro se litigant, filing frivolous and vexatious pleadings, routinely misstating law and statute, and showing a disregard for the rulings and opinions of the courts that are contrary to his own beliefs. When pressed as to why he continues to proceed pro se, Mr. Lane insists that he is without financial means to afford representation, despite his continuing ability to afford filing fees and spend resources pursuing Mr. Witt for debts that have already been discharged. It is likely more accurate that Mr. Lane continues to use the various court proceedings against Mr. Witt as a means to practice law unlicensed and to harass Mr. Witt and his family. Such as the case now, where Mr. Lane continues to take actions in an attempt to recover for debts which have already been discharged by this Court, in direct violation of the discharge injunction.

WHEREFORE, Movant respectfully requests this Court to enter Orders as follows:

A. To show cause why Mr. Lane should not be held in contempt of the discharge injunction;

B. Compel Mr. Lane to permanently surrender possession of the Boxes;

C. Compel Mr. Lane to surrender or destroy all documents in his possession relating to CCI or Mr. Witt, whether in paper or electronic form;

      D.      Prohibit Mr. Lane from communicating with any employer of Mr. Witt or his wife, Nicolle Witt;

      E.      Prohibit Mr. Lane from contacting any regulatory agency or law enforcement agency to report unsubstantiated allegations in any way relating to Mr. Witt and Commercial Capital, Inc.;

      F.      Order Mr. Lane to pay reasonable attorney fees and costs associated with this Motion for Contempt, and for Mr. Witt's defense of Mr. Lane's actions which are in contempt of the discharge injunction;

      G.      Order punitive damages against Mr. Lange for willfully and knowingly violating the discharge injunction in direct contempt of this Court, and;

      H.      For such other and further relief as the Court deems proper.

Respectfully submitted this ___th day of May, 2019.

/s/ James Anderson
Joseph M. Elio, #14066
James Anderson, #49511
LAW ONE
1499 Blake St., Ste. 1J
Denver, Colorado 80202
Phone: (303) 831-8313
Fax: (720) 500-0241
jelio@elawone.com
james@elawone.com
*Attorneys for Matthew Curtis Witt*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May __, 2019, I caused a true and correct copy of the foregoing with proposed order to be served by electronic means on the parties noted in the Court's ECF system and by U.S. mail, first class, postage prepaid, addressed to:

Noel West Lane III
1060 Ingalls St.
Lakewood, CO 80214