**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>MATTHEW CURTIS WITT,<br><br>Debtor. | Case No. 17-17630 MER<br><br>Chapter 7 |

### ORDER

THIS MATTER comes to be heard on the motion by Noel West Lane, III ("Lane") to conduct examinations pursuant to Fed. R. Bankr. P. 2004.[1]

Previously, upon motions for reconsideration filed by potential examinees, the Court vacated an order permitting creditor David Kahn to conduct Fed. R. Bankr. P. 2004 examinations of the Debtor, Matthew Curtis Witt ("Debtor"), and Nicolle Witt, Pinnacle Mastery, Ltd., Mile High Diesel, Inc. and Silver Leaf Mortgage, Inc. (collectively the "Affiliated Parties"). Kahn sought inquiry into the Debtor's and the Affiliated Entities' pre-petition financial history which, according to Kahn, "may directly impact the administration of the estate and claims for fraudulent conveyance."[2] Kahn also sought the production of documents from those entities in connection with the examinations.[3] As permitted by this Court's Local Bankruptcy Rule 2004-1(a), Kahn's motion was filed on an *ex parte* basis,[4] and the Court granted Kahn's motion.[5]

Pursuant to this Court's Local Bankruptcy Rules, the Debtor and the Affiliated Parties moved for reconsideration of the Order granting Kahn's motion.[6] Based on its review of Kahn's, the motions to reconsider, and considering Kahn's failure to file any response to the motions to reconsider,

---

[1] ECF No. 169 ("**2004 Motion**").

[2] ECF No. 162.

[3] *Id.*

[4] L.B.R. 2004-1(a) ("An order for examination pursuant to Fed. R. Bankr. P. 2004 may be issued by the Court on the ex parte application of a party in interest.").

[5] ECF No. 193.

[6] L.B.R. 9013-1(a)(5)(B) ("The Court may enter an order on an *ex parte* basis. Whenever the Court grants relief on an ex parte basis, any interested party may move for reconsideration within 14 days from the date of the order. The heightened standard of Fed. R. Bankr. P. 9023 will not apply when the motion seeks reconsideration of an *ex parte* ruling.").

the Court concluded Kahn failed to satisfy his burden of demonstrating good cause exists for taking the Fed. R. Bankr. P. 2004 examinations.[7]

Lane's 2004 Motion is nearly a carbon copy of Kahn's motion. In fact, the Court notes paragraphs 16-23 of Lane's motion are identical to paragraphs in Kahn's motion, except Lane subsitituted his own name as movant. Further, Lane's document request (Exhibit F of Lane's 2004 Motion) is identical to Kahn's. Based on its review of Lane's 2004 Motion, the examinee's responses, and the arguments of the parties made at a hearing on this matter, the Court concludes Lane's motion, like Kahn's, will be denied.

First, Lane is time barred from pursuing any claims against the Debtor under 11 U.S.C. §§ 523 and 727. Second, not only can the Court no longer entertain fraudulent transfer claims against either the Debtor or the Affiliated Parties, but Lane lacks standing to pursue any such claims on behalf of the estate. Therefore, any such claims cannot be the basis of any proposed examinations by Kahn.[8] Third, the estate has already been fully administered by the Chapter 7 Trustee. The Debtor received his discharge on January 2, 2018. The Chapter 7 Trustee filed a final report on October 4, 2018. At this stage in the case, and after the conclusion of the Commercial Capital, Inc. bankruptcy case,[9] it is not reasonable, without greater explantion from Kahn, for the Court to agree both a Chapter 11 Trustee and a Chapter 7 Trustee failed to uncover any assets or claims hidden by the Debtor in the last ten years. The Chapter 11 Trustee in the Commercial Capital, Inc. bankruptcy case even prosecuted a fraudulent transfer action against this Debtor, and commenced turnover and avoidance actions against several other entities. There is nothing Lane could uncover in any examinations that could assist in the administration of a fully administered estate. Nothing Lane added at the hearing on this matter leads the Court to conclude otherwise.

In the face of the objections by the Debtor and the Affiliated Entities, it became Lane's burden to demonstrate the existence of good cause to

---

[7] *In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994) (once an objection is raised to a motion under Fed. R. Civ. P. 2004, "the party seeking to conduct the examination bears the burden of producing evidence that good cause exists for taking the requested discovery.").

[8] *In re Strecker*, 251 B.R. 878, 880 (Bankr. D. Colo. 2000) ("A creditor . . . does not have an unlimited and unqualified right to conduct an examination of a debtor pursuant to Fed. R. Bankr. P. 2004 . . . This is particularly true where . . . the creditor has absolutely no independent knowledge, or additional facts, *or a colorable legal claim*[.]").

[9] *See In re Commercial Capital, Inc.*, 09-17238-MER. Nearly a decade ago, and in this very Court, Commercial Capital, Inc. filed bankruptcy under Chapter 11. The Debtor herein was the sole shareholder of Commercial Capital, Inc., a member of its board of directors, and its President and CEO. A Chapter 11 plan was confirmed in the Commercial Capital, Inc. bankruptcy case on August 6, 2013.

conduct the examinations under Fed. R. Bankr. P. 2004. The Court concludes Lane failed to meet that burden.

Accordingly,

IT IS HEREBY ORDERED Lane's motion to conduct examinations under Fed. R. Bankr. P. 2004 is DENIED.

Dated June 3, 2019               BY THE COURT:

_____
Michael E. Romero, Chief Judge
United States Bankruptcy Court